No. 45,315

Wm. E. Scott, *Appellee*, v. Charles William Hall, *Appellant*.

(454 P. 2d 449)

Opinion filed May 17, 1969.

*Frederick K. Cross*, of Kansas City, argued the cause, and *Felix G. Kancel*, of Kansas City, was with him on the brief for appellant.

*Donald W. Vasos*, of Kansas City, argued the cause, and *Wm. E. Scott* and *LaVone A. Daily*, of Kansas City, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: The plaintiff, Wm. E. Scott, commenced this action against Charles William Hall, to recover a money judgment for legal services rendered in a Kansas divorce proceeding. The action is based upon the property settlement and divorce decree entered in the case entitled Charles William Hall, plaintiff, versus Betty Arlene Hall, defendant, Wyandotte district court, which settlement and decree were before this court in *Woodring v. Hall*, 200 Kan.

597, 438 P. 2d 135. The plaintiff Scott was awarded judgment and the defendant Hall has appealed, and they are hereafter referred to as the plaintiff and defendant.

On December 1, 1966, the plaintiff, a member of the Bar of this state, filed his petition in the district court of Wyandotte County, which was in two counts. The first alleged the defendant's indebtedness based upon the plaintiff's representation of Mrs. Hall in the divorce action and of his negotiating a property settlement, contractual in nature, which provided that on April 17, 1962, the plaintiff was to receive as reasonable compensation for his professional services, the sum of $2,500. The second count alleged that on February 25, 1966, judgment was duly entered in the divorce action on matters concerning child custody and child support of the minor children of the Halls, wherein the defendant was ordered to pay the plaintiff the sum of $500 as an additional attorney's fee for professional services rendered Mrs. Hall. The prayer was to recover the sum of $3,000 plus interest and costs.

The plaintiff's praecipe directed the clerk of the district court to issue summons returnable according to law to the sheriff of Harris County, Texas, for services upon the defendant at his residence at 4846 Creek Bend, Houston, Texas.

Summons for personal service outside the state of Kansas as authorized by K. S. A. 60-308, was issued by the clerk on December 8, 1966, and personal service thereof, together with a copy of the plaintiff's petition, was duly made upon the defendant by the sheriff of Harris County, Texas, at 1:00 p. m. on January 30, 1967, at the Baylor College of Medicine, Houston, and the sheriff's verified return of the service of summons was duly filed in the office of the clerk of the Wyandotte district court.

On March 2, 1967, the defendant entered his special appearance challenging the jurisdiction of the district court, and moved the court to quash and dismiss all writs and processes issued against him upon the ground that it lacked jurisdiction of the subject matter and the person of the defendant, and that the summons was neither issued, served, nor returned in the manner provided by law.

On June 1, 1967, the district court, after hearing statements of counsel and examining the pleadings and documents in the court's file and briefs submitted, overruled the defendant's motion to dismiss the action for the reasons alleged.

Following the filing of the defendant's answer on June 27, 1967, which admitted all the allegations of the plaintiff's petition, except

the amounts alleged to be due, the plaintiff filed his motion for summary judgment on the ground there existed no genuine issue as to any material fact in the action.

On October 31, 1967, the district court made findings of fact and conclusions of law, and those pertinent to this appeal are quoted *in toto:*

### "FINDINGS OF FACT

"2. That on December 31, 1960, Charles William Hall, defendant herein filed his verified petition for divorce entitled *Charles William Hall v. Betty Arlene Hall,* No. 6760-B, District Court of Wyandotte County, Kansas, alleging *inter alia* that he had been a resident in good faith of the State of Kansas for more than one (1) year preceding the filing of his petition for divorce.

"3. That William E. Scott, plaintiff herein, represented Betty Arlene Hall in said divorce action and successfully negotiated a property settlement, contractual in nature, acceptable and agreeable to the parties, by the terms of which, Charles William Hall agreed to pay a fee of $2,500.00 to William E. Scott, as compensation for certain valuable and extensive professional services rendered to Betty Arlene Hall.

"4. That on April 17, 1962, said divorce action proceeded to trial and judgment, and the trial court therein found, *inter alia,* that:

(a) a settlement, contractual in nature had been reached acceptable and agreeable to both parties and their respective counsel, and that said contractual settlement should be incorporated in and made a part of the trial court's judgment and decree;

(b) Charles William Hall and Betty Arlene Hall were residents in good faith of the State of Kansas and County of Wyandotte for more than one year next preceding the filing of the action for divorce and that the court had jurisdiction of the parties and the subject matter;

(c) William E. Scott should be allowed the sum of $2,500.00 as his attorney's fee;

(d) the agreement and settlement of the parties to the divorce action, as set out in the court's findings, are made a part of the judgment and may be enforced as a judgment or as a contract at the option of the defendant, Betty Arlene Hall.

"5. That sometime subsequent to the trial of said divorce action and prior to the filing of the Journal Entry of Divorce on June 19, 1962, Charles William Hall and Betty Arlene Hall affixed their respective signatures to page 5 of said Journal Entry under the words 'Approved as to contractual and settlement matters included above.'

"6. That sometime in July, 1967 (sic), Charles William Hall procured an *ex parte* order granting him the custody of his minor children which order was attacked by Betty Arlene Hall and eventually set aside and custody of the children restored to Betty Arlene Hall; that thereafter on February 25, 1966, Charles William Hall, defendant herein, filed a motion in said divorce action, No. 6760, requesting credit or reimbursement on his child support payments. As part of the court's finding and judgment:

" '4. Plaintiff (Charles William Hall) be and hereby is ordered and directed to pay defendant's attorney, William E. Scott, the sum of $500.00 at the rate of $30.00 per month beginning April 1, 1966, through the Clerk of this Court, in accordance with the findings of this Court.'

"7. William E. Scott, plaintiff herein, has not received, and Charles William Hall, defendant herein, has not paid to plaintiff, William E. Scott, any part of the $2,500.00 attorney's fee prayed for in Count I of plaintiff's petition.

"8. William E. Scott, plaintiff herein, has not received, and Charles William Hall, defendant herein, has not paid to plaintiff, William E. Scott, any part of the $500.00 attorney's fee prayed for in Count II of plaintiff's petition.

"9. That plaintiff, William E. Scott, has, at all times, performed and completed all the stipulations, conditions and agreements to be performed on his part, but that defendant Charles William Hall, has failed and refused, and still fails and refuses to perform his side although demand therefor has been duly made by plaintiff.

"10. That the reasonable value of the professional services rendered by plaintiff, William E. Scott, are in the sum of at least $3,000.00, and were so found by Judge Wm. H. McHale.

"11. That defendant, Charles Willam Hall, is indebted to plaintiff, William E. Scott, in the amount of $3,000.00.

"12. That on December 1, 1966, William E. Scott filed this action numbered 26128-B in the District Court of Wyandotte County, Kansas against Charles William Hall for the recovery of said $3,000.00 attorney's fee.

"13. That at the time plaintiff filed his petition herein on December 1, 1966, defendant, Charles William Hall, resided and had his domicile at 4846 Creek Bend, Houston, Harris County, Texas.

"14. That defendant was personally served in Harris County, Texas with a summons and copy of plaintiff's petition by the Sheriff of Harris County, Texas on January 30, 1967.

"15. That sometime after the trial of said divorce action, No. 6760-B, on April 17, 1962, Charles William Hall departed from the State of Kansas, and that since July 1, 1962, has not been physically present within the State of Kansas except to appear as a guest speaker at Pratt, Kansas on October 17, 1964, and has not transacted any business in Kansas since July 1, 1962.

"16. From December 30, 1959 to the present time, Betty Arlene Hall and the children of her marriage have continued to reside in the State of Kansas and have maintained their residence at 4448 Francis Street, Kansas City, Wyandotte County, Kansas."

### "Conclusions of Law

"3. That defendant, Charles William Hall, and his former wife, Betty Arlene Hall, lived in the marital relationship within the State of Kansas until April 17, 1962; that the defendant thereafter departed from the State of Kansas, and that defendant's former wife, Betty Arlene Hall, has since April 17, 1962, continued to reside in the State of Kansas, and that by reason thereof, defendant, Charles William Hall, has submitted himself to jurisdiction in this action No. 26128-B under the provisions of K. S. A. 60-308 (*b*) (6).

"4. Defendant, Charles William Hall, has submitted himself to jurisdiction for 'all obligations arising for . . . property settlement,' which includes the attorney fee to plaintiff, William E. Scott.

"5. Said K. S. A. 60-308 (b) is procedural only and acts retrospectively, so that the process and service of process on Charles William Hall in this action No. 26128-B is effective to give this Court personal jurisdiction, even though said K. S. A. 60-308 (b) did not become a part of the law of Kansas until January 1, 1964, nearly a year and a half after Charles William Hall left Kansas.

"6. *In personam* jurisdiction over the person of the defendant, Charles William Hall, and the subject matter of this action was properly invoked under the provisions of K. S. A. 60-308 (b) (6), that process and service of process are in all respects proper and valid and are hereby approved; and that this Court has jurisdiction over the person of the defendant, Charles William Hall, and the subject matter of this action.

"7. That once the matter of jurisdiction over a person of Charles William Hall is determined, there remains no genuine issue as to any material fact and plaintiff is entitled to have his motion for summary judgment sustained.

"8. That plaintiff is granted judgment against the defendant, Charles William Hall, in the amount of $3,000.00, plus interest on $2,500.00 at 6% per annum from April 14, 1962; interest on $500.00 at 6% per annum from February 5, 1966; and the costs of this action."

The defendant principally contends the provisions of K. S. A. 60-308 may not be applied retroactively to a cause of action arising prior to its effective date of January 1, 1964, and that the district court did not acquire jurisdiction over the subject matter of the action and person of the defendant to render a valid *in personam* judgment against him.

K. S. A. 60-308 (a) provides in effect that personal service of summons may be made upon any party outside the state, and if made upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service of summons within this state. Subsection (b) relates to the process of submitting to jurisdiction, and the part here pertinent reads:

"Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

❋ ❋ ❋

"(6) Living in the marital relationship within the state notwithstanding subsequent departure from the state, *as to all obligations arising for* alimony, *child support, or property settlement under article* 16, if the other party to the marital relationship continues to reside in the state."

As indicated, the property settlement and divorce decree which form the basis of this action, were before this court in the *Woodring* case, wherein Charles William Hall acknowledged in writing his indebtedness to Flora M. Woodring, the mother of Betty Arlene Hall, in the amount of $3,766.40 for money lent by Mrs. Woodring from December 1, 1952, through April 3, 1962, for living expenses for Hall's family while he was a student at Kansas University and the Medical Center in Wyandotte County, and the reader is referred to that opinion.

The property settlement and divorce decree awarded the plaintiff a judgment on April 17, 1962, for attorney's fee in the amount of $2,500, which specifically provided for its enforcement either as a judgment or as a contract. (*Petty v. Petty*, 147 Kan. 342, 353, 76 P. 2d 850; *French v. French*, 171 Kan. 76, 81, 229 P. 2d 1014.) The plaintiff elected to enforce the judgment as a contract and filed the present action against the defendant. That contract was an enforceable cause of action on January 1, 1964, when 60-308 became effective and the district court, in approving service of summons upon the defendant in the state of Texas, did not give the statute retroactive application. In the *Woodring* case it was held:

"K. S. A. 60-308 (*b*) authorizing the entry of judgments *in personam* on personal service of summons outside the state in enumerated classes of cases, is not invalid in applying to claims for relief which arose before the effective date of the enactment of the statute, since the statute does 'not extend either to destruction of an existing cause of action or to the creation of a new liability for past events' but merely affects the method of procedure by establishing a new method of obtaining jurisdiction of the person of the defendant in order to secure existing rights.

"There is no vested right in any particular remedy or method of procedure, and while statutes generally will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after the change and without regard to whether the action has been commenced or not, unless there is a saving clause as to existing legislation. (Following *Jones v. Garrett*, 192 Kan. 109, 386 P. 2d 194.)" (Syl. ¶¶ 2, 3.)

The problem of obtaining *in personam* jurisdiction over non-resident defendants was effectively remedied in Kansas by the enactment of 60-308. The entire concept of jurisdiction, and the antiquated rule of *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565, were changed by *Internat. Shoe Co. v. Washington*, 326 U. S. 310,

90 L. Ed. 95, 66 S. Ct. 154, 161 A. L. R. 1057, from which 60-308 had its antecedent source. The matter was fully considered by this court in *Tilley v. Keller Truck & Implement Corp.*, 200 Kan. 641, 438 P. 2d 128, where it was held that the courts of Kansas may constitutionally render an *in personam* judgment against a nonresident defendant provided the defendant had the "minimum contacts" within the forum state. The point was also considered in the *Woodring* case, where it was held:

"In order to subject a defendant to a judgment *in personam* if he be not present within the territory of the forum state, he must have the minimum contacts enumerated in the statute, and whether due process is satisfied depends upon the quality and nature of the activities of the defendant, which must be determined on a case by case basis. Essentially the same factors which enter into the determination that K. S. A. 60-308 (*b*) authorizes the exercise of judicial jurisdiction are involved in deciding whether the exercise of jurisdiction is constitutionally valid.

"In determining whether a defendant's activities have substantial connection with Kansas as to confer jurisdiction of the courts of this state over the person of a nonresident defendant under K. S. A. 60-308 (*b*), relevant inquiry is whether the defendant engaged in some act or conduct by which he may be said to have invoked the benefits and protection of the law of Kansas." (Syl. ¶¶ 5, 6.)

The facts involved in this action are not in dispute. The defendant and his former wife lived in marital relationship in Kansas until April 17, 1962. While a resident of Kansas and a student at the Kansas University Medical Center, he caused the divorce action to be filed in the district court of Wyandotte County. Just prior to the conclusion of the proceedings in that case, he entered into a contractual property settlement wherein he agreed to pay the plaintiff part of the attorney's fee in question. Shortly thereafter the defendant departed from the state of Kansas and acquired a Texas domicile where he has resided since 1962. However, his former wife and the children born to that marriage have continuously resided in the state of Kansas since that time. As indicated, living in marital relationship in Kansas forms an additional basis for *in personam* judgment against the leaving spouse as to all obligations arising for child support or property settlement as provided in Article 16, both of which are here involved. (60-308 [*b*] [6].)

Subsection (6) of 60-308 (*b*) is unique to Kansas procedural law and is not found in the procedural provisions of other states which have adopted the long-arm statutes. (Hopson, Divorce and Alimony

Under the New Code, 12 Kan. L. Rev., 27-37.) The subsection appears to be based upon wrongs committed in the marital relationship while the defendant was domiciled in Kansas, and personal service outside the state is sufficient to support a personal judgment with respect to all obligations mentioned therein, even though the defendant has acquired a domicile in another state. The subsection requires that the party to the marital relationship other than the leaving spouse, continue to reside in Kansas. (4 Vernon's, Kansas Statutes Annotated [Fowks, Harvey, Thomas], § 60-308, pp. 96, 97.) Hence, the plaintiff may enforce the contractual property settlement made in his favor since Mrs. Hall continues to reside in Kansas, and may likewise enforce the $500.00 additional attorney's fee ordered paid by the defendant on February 25, 1966, since its allowance arose out of proceedings with respect to child support, which is specifically enumerated in the subsection.

We have considered, not overlooked, the case of *Mroczynski v. McGrath,* 34 Ill. 2d 451, 216 N. E. 2d 137, relied upon by the defendant. It is not in point. Illinois does not have a subsection similar to 60-308 (*b*) (6). (Smith-Hurd, Ill. Annot. Statutes, Ch. 110, § 17.) The case merely holds that the establishment of a marital domicile and the birth of a child in Illinois does not constitute the transaction of business within the meaning of the statute, and in an action brought by the incompetent son's conservator against a foreign executor of his father's estate to declare his will invalid, where the father had permanently left Illinois upon abandonment of his family over 25 years before his death, the trial court did not err in dismissing the action for lack of jurisdiction. (*Woodring v. Hall,* supra, p. 608.)

The foregoing conclusion makes it unnecessary to discuss the plaintiff's contention that the defendant's activities constituted the "transaction of any business" as provided in 60-308 (*b*) (1).

The defendant makes no objection to the adequacy of notice of the pendency of the instant action. He was properly served with summons in Houston, Harris County, Texas, and his contention that his activities and conduct were not sufficient "minimum contacts" to give the court jurisdiction over his person under 60-308 (*b*) (6) cannot be sustained. Considering the matrimonial domicile of the Halls and the quality and nature of the defendant's activities, it may be said he invoked the benefits and protection of the laws of

this state, and we have no hesitancy in concluding the district court did not err in rendering the *in personam* judgment against him ( 60-308 [*b*] [6] ), and that judgment is affirmed.