No. 47,898

BILLY RAY WHISENANT, *Appellant,* v. JOYCE MARIE WHISENANT a/k/a JOYCE MARIE SWAFFORD, formerly known as JOYCE MARIE TAMASHIRO, *Appellee,* and TAMMY FUMIKO TAMASHIRO, a minor female, through her natural mother and next friend, JOYCE MARIE WHISENANT, (*Defendant*).

(548 P. 2d 470)

Opinion filed April 10, 1976.

*Laurence M. Jarvis,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Richard L. Reid,* of Steineger and Reid, of Kansas City, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a civil action in which the plaintiff-appellant, Billy Ray Whisenant, claiming to be the natural father of a child, seeks a judicial determination of his paternity and his parental rights and obligations. Counsel for the plaintiff has characterized the action as a "reverse civil bastardy suit" which he alleges is the first proceeding of its kind. The basic issue to be determined on this appeal is whether the defendant-appellee, Joyce Marie Swafford, the mother of the child, has by her actions submitted to the long arm jurisdiction of the courts of Kansas in this proceeding in accordance with the provisions of K. S. A. 1972 Supp. 60-308. The district court held that it had no jurisdiction of the action and denied relief to the plaintiff. From the judgment denying relief for lack of in personam jurisdiction, the plaintiff has appealed to this court.

This action was initiated by the filing of a petition which alleged four separate claims and which was in the following form:

## "COUNT ONE

"Comes now the plaintiff, BILLY RAY WHISENANT, and for Count One (1) of his petition against the named defendants and each of them alleges and shows to the Court:

### "I

"That plaintiff is now, and at all times hereinafter referred to was a resident of Wyandotte County, Kansas residing at 5029 Swartz Road in Kansas City, Kansas 66106.

### "II

"That defendant, JOYCE MARIE WHISENANT, is a married adult, residence of Tulsa, Oklahoma and residing at 7878 East Jasper in the City of Tulsa, County of Tulsa, State of Oklahoma 74115.

### "III

"That defendant, TAMMY FUMIKO TAMASHIRO, is a female minor of the approximate age of six (6) being born on February 5, 1966, who is presently in the care, custody and control of her natural mother and next friend, defendant, JOYCE MARIE WHISENANT. That the residence of said minor defendant is that of defendant, JOYCE MARIE WHISENANT.

### "IV

"That on and during the months of May and June, 1965, the defendant, JOYCE MARIE WHISENANT was a single, unmarried woman known by her maiden name of JOYCE MARIE ALEXANDER. That said defendant and plaintiff met, dated, courted one another, made plans to marry, and cohabited regularly one with the other. That during this time the said defendant and plaintiff had sexual intercourse one with the other. That said acts and occurrences stated above, took place in Wyandotte County, Kansas.

### "V

"That as a result of the conduct of the parties the defendant, JOYCE MARIE WHISENANT became pregnant by the plaintiff, BILLY RAY WHISENANT, and in due course of nature gave birth on February 5, 1966 to a female child, named defendant TAMMY FUMIKO TAMASHIRO.

### "VI

"That prior to the birth of said child, during the month of November, 1965, defendant Joyce Marie Whisenant left plaintiff and moved to the State of Oklahoma where it is claimed by said defendant that she met and allegedly married one, George Tamashiro, on or about the month of January, 1966.

### "VII

"That the said minor child born February 5, 1966 in the State of Oklahoma was given the last name of TAMASHIRO; notwithstanding that defendant, JOYCE MARIE WHISENANT knew that plaintiff was the natural father of said child; and that George Tamashiro could in no manner or means be the father of said child.

### "VIII

"That plaintiff is the natural father of said minor child; is entitled to the right to visit said minor; and the right and obligations to support said minor child.

"IX

"That defendant and each of them have submitted to the jurisdiction of this Court by their actions and conduct.

"WHEREFORE, plaintiff prays that the Court will enter judgment that plaintiff is the natural father of the minor child known as TAMMY FUMIKO TAMASHIRO, that plaintiff be granted definite hours and dates for visitation with his child and that an order for support be entered by which plaintiff can support his child.

"COUNT TWO

"COMES FURTHER the plaintiff and for Count Two of his petition alleges:

"I

"That each and every allegation, statement, and averment set forth in Count One hereof, be incorporated herein by reference of it fully set forth hereinafter.

"II

"That plaintiff has openly, publicly and expressly acknowledged that he is the natural father of said minor child on numerous occasions. Plaintiff has never denied his status as natural father.

"III

"That defendant, JOYCE MARIE WHISENANT has openly, publicly and expressly acknowledged and admitted that plaintiff is the natural father of her daughter. . . .

"IV

"That approximately eight (8) months ago, at a date and place unknown to plaintiff, defendant claims to have married one James G. Swafford and moved to her present residence in Tulsa, Oklahoma; all without the notice, consent or knowledge of plaintiff.

"V

"That plaintiff with great effort located defendant, JOYCE MARIE WHISENANT and his child on November 28, 1972, but has been refused the right to visit said child; moreover defendant, JOYCE MARIE WHISENANT has stated that she now intends to deny that plaintiff is the natural father of said child and is attempting to procure the adoption of said child by her present husband without notice to plaintiff. The plaintiff is told that an adoption proceeding is presently pending but defendant will not inform plaintiff of the Court or case number of said proceedings.

"That due to the conduct of defendant, JOYCE MARIE WHISENANT, there exists an actual controversy as to the status of plaintiff as the natural father of defendant TAMMY FUMIKO TAMASHIRO, a minor; moreover the rights and obligations of plaintiff toward said child are in controversy and in need of interpretation and determination.

"VII

"That this matter comes within the scope of K. S. A. 60-1701 et seq. and is an appropriate action for a declaratory judgment.

"WHEREFORE, plaintiff prays that a declaratory judgment be entered to the

effect that plaintiff is the natural father of the defendant minor child called TAMMY FUMIKO TAMASHIRO.

## "COUNT THREE

"COMES FURTHER the plaintiff and for Count Three of his petition alleges:

"I

"That each and every allegation, statement and averment set forth in Count One and Count Two hereof be and hereby are incorporated herein if fully set forth hereinafter.

"II

"That on or about the months of July and August, 1969, defendant, JOYCE MARIE WHISENANT lived with plaintiff in Kansas City, Wyandotte County, Kansas as man and wife by the force of common law. The said parties cohabited together, and defendant Joyce Marie Whisenant was held out to the community as the wife of plaintiff. The defendant minor child was living with the said parties in a family relationship. Plaintiff paid the family obligations for the defendants. Defendant, JOYCE MARIE WHISENANT stated in front of witnesses she was the wife of plaintiff. That the parties conducted themselves as man and wife.

"III

"That plaintiff has been a resident of the State of Kansas for more than six (6) months prior to the filing of this cause of action.

"IV

"That defendant JOYCE MARIE WHISENANT has disregarded the duties and obligations assumed by her under the common law agreement and relationship of the parties and has created a state of incompatibility of exist between the parties, due to the fault of defendant JOYCE MARIE WHISENANT.

"WHEREFORE, plaintiff prays that he be granted a decree of divorce from the common law relationship of the parties, that plaintiff be granted definite hours of visitation with the minor child of the parties, along with the entry of an approximate order of child support for plaintiff to pay.

## "COUNT FOUR

"COMES FURTHER the plaintiff and states for and as Count Four of his petition as follows:

"I

"That plaintiff adopts each and every statement, fact and averment contained in Counts One, and Two, and Three of this petition as if fully set forth hereinafter by reference.

"II

"That plaintiff faces irreparable harm in the possible loss of his parental rights in regards to his minor child and the possible further interence (sic) with those parental rights unless the defendant, JOYCE MARIE WHISENANT is restrained from further attempts to have the said child adopted by James G. Swafford, who claims to be the present husband of defendant, JOYCE MARIE WHISENANT.

"WHEREFORE, plaintiff prays that a temporary and permanent restraining order is entered restraining the enjoining the defendant JOYCE MARIE WHISE-NANT from all future attempts or efforts to procure or obtain the adoption of defendant TAMMY FUMIKO TAMASHIRO until the further order of this Court."

Personal service was made on the defendant Joyce Marie Swafford at her home in Tulsa, Oklahoma, where the defendant lives with her present husband and her minor child, Tammy. The trial court found that no proper service of process had been made on the minor defendant, Tammy Tamashiro. Following service of the summons upon the defendant, counsel for defendant filed a motion challenging the in personam jurisdiction of the court. This motion was stricken by the court because of the defendant's failure to make discovery. The trial court thereafter conducted an evidentiary hearing at which plaintiff withdrew count three of his petition which alleged the existence of a common law marriage between plaintiff and defendant. He thereby withdrew his claim that the plaintiff and defendant had lived together in the marital relationship in the state of Kansas. It is undisputed that at the time the action was filed and throughout the course of the litigation the defendant-appellee, Joyce Marie Swafford, has been a citizen of the state of Oklahoma. Personal service of summons cannot be had upon her within the state of Kansas.

In order for the district court to have in personam jurisdiction over the defendant it was necessary for plaintiff to establish that the defendant had submitted to the jurisdiction of the courts of Kansas in accordance with the provisions of the Kansas long arm statute, K. S. A. 1972 Supp. 60-308. It provides in pertinent part as follows:

"60-308. Personal service outside state. (*a*) *Proof and effect.* (1) Personal service of summons may be made upon any party outside the state. If upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service of summons within this state; otherwise it shall have the force and effect of service by publication.

. . . . . . . . . . .

"(*b*) *Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(1) The transaction of any business within this state;

"(2) The commission of a tortious act within this state;

. . . . . . . . . .

"(5) Entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"(8) Living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations arising for alimony, child support, or property settlement under article 16, if the other party to the marital relationship continues to reside in the state;

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this subsection (b) of this section, may be made by personally serving the summons upon the defendant outside this state, as provided in paragraph (2) of subsection (a) of this section, with the same force and effect as though summons had been personally served within this state, but only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this paragraph.

"Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

On this appeal the plaintiff contends that under the factual circumstances set forth in his petition the Kansas courts have jurisdiction of the action under subsections (b) (1), (2), and (5) of 60-308 relating to the transaction of business within the state ([b] [1]), the commission of a tortious act within this state ([b] [2]), and entering into an express or implied contract ([b] [5]).

The plaintiff first maintains that the defendant's alleged promise to marry the plaintiff followed by sexual intercourse, conception of a child, and the purchase of wedding rings constituted the transaction of business within the meaning of subsection (b) (1). An extensive analysis of this subsection as well as the general principles governing long arm jurisdiction may be found in *Woodring v. Hall*, 200 Kan. 597, 438 P. 2d 135. There this court noted that the enactment of 60-308 (b) revealed a legislative intention to exert judicial jurisdiction over nonresidents to the extent permitted by the due process clause of the Fourteenth Amendment. In *Woodring* we emphasized that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum state, he must have the minimum contacts enumerated in the statute. We have concluded that the acts of the defendant within the state of Kansas as enumerated above can not reasonably be said to constitute the "transaction of business' within the state, so as to subject the defendant to long arm jurisdiction under 60-308 (b) (1). Any claim or right of action which the plaintiff might have arose out of a personal relationship between the parties not con-

stituting the "transaction of business" within the meaning of the statute.

The plaintiff next argues that in personam jurisdiction over defendant has been established because defendant committed tortious acts within the state when she intentionally and wrongfully interfered with and deprived plaintiff of his parental rights. In *State, ex rel., v. Schutts,* 217 Kan. 175, 535 P. 2d 982, we construed the phrase "the commission of a tortious act" in a paternity action brought by the mother against a nonresident alleged to be the putative father. We held that sexual intercourse or siring a child does not constitute the commission of a tortious act. In *Schutts* we pointed out that the courts of various jurisdictions are sharply divided on the issue. After considering the authorities on the subject, we concluded that the most liberal rules of construction of the phrase "tortious act" would not tolerate the inclusion of an act of sexual intercourse between consenting parties. In arriving at this conclusion we noted that the only provision in 60-308 with respect to out-of-state service of summons in a child support case was one where the child was born as a result of a marital relationship. In our judgment long arm jurisdiction over the person of the defendant in the present case can not be justified on the theory of the "commission of a tortious act" within this state by defendant under the provision of 60-308 (*b*) (2).

Finally the plaintiff takes the position that by entering into plans for marriage with him in Kansas, the defendant entered into either an express or an implied contract within this state so as to subject her to the in personam jurisdiction of Kansas courts under 60-308 (*b*) (5). Counsel for the plaintiff in his brief correctly points out that the Kansas long arm statute is a single act statute, in that it permits the exercise of jurisdiction over a nonresident defendant based solely on the making or performance of a single contract within the state. (*Misco-United Supply, Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 528 P. 2d 1248.) The difficulty with plaintiff's position is that this is really not an action to recover damages or other relief for breach of contract. Any claim or cause of action asserted by the plaintiff in his petition does not arise from the execution of a contract between the parties but is founded upon the rights of a parent arising from a claimed father-child relationship. In our judgment the defendant has not submitted herself to the in personam jurisdiction of the Kansas courts in this action under the provisions of 60-308 (*b*) (5).

It is clear to us that the controlling subsection of the Kansas long arm statute in this case is 60-308 (*b*) (8). It requires as the minimum contact necessary for in personam jurisdiction in actions involving family relationships that the parties live in a marital relationship within the state of Kansas. Where that occurs and one of the parties to the marriage subsequently departs from the state he may be personally served out of the state under 60-308 so as to give the Kansas courts in personam jurisdiction. Subsection 8 of 60-308 (*b*) is unique to Kansas. It was made a part of the Kansas long arm statute to solve the problem that arose from the fact that a court could decree a divorce without personal jurisdiction of one of the parties, but could not render an enforceable judgment for alimony, property settlement, or child support without personal or quasi in rem jurisdiction over the party to be bound or his assets. K. S. A. 1972 Supp. 60-308 (*b*) (8) restricts long arm jurisdiction in cases involving alimony, support, child custody, visitation, and other rights arising solely from the husband-wife or parent-child relationships, to factual situations where the parties actually lived in the marital relationship within the state of Kansas. It does not authorize long arm jurisdiction in such cases where the statutory minimum contact—living in the marital relationship in this state—is not present.

For the reasons set forth above we have concluded that the district court was correct in its finding and judgment that it lacked in personam jurisdiction over the defendant-appellee in the action. The judgment of the district court is affirmed.