■ Tim McIntyre et al., Respondents, v Bakers For A Democratic Union et al., Appellants.—Order, Supreme Court, Bronx County, entered on December 23, 1975, denying defendants' motion to dismiss the complaint for legal insufficiency or for summary judgment and to dismiss as against defendant, Caprio, for lack of jurisdiction, modified, on the law, to the extent of dismissing the action against Caprio for lack of jurisdiction, and otherwise affirmed, without costs and without disbursements. Defendant, Caprio, was served in New Jersey, the State of his domicile. He does not reside, work, transact business or own property in New York State. Plaintiffs have not demonstrated that he is subject to our jurisdiction under CPLR 301 or 302 or any other section thereof. We have examined the defendants' contentions challenging the sufficiency and propriety of this action for libel and find them to be without merit at this stage of this litigation. The subject matter of the allegedly false and allegedly indiscriminately distributed pamphlets, when viewed in the context of the claims contained in the affidavits submitted in opposition to this motion, are sufficient to raise a triable issue as to actual malice. Concur—Markewich, J. P., Birns, Capozzoli and Nunez, JJ.; Murphy, J., dissents in part in a memorandum, as follows: I would go further than my colleagues and dismiss the complaint against all of the appellants. The individual defendants are members of Local 50, Bakery and Confectionary Workers' Union of America, AFL-CIO ("Local 50"), one of the plaintiffs herein. Tim McIntyre, the other plaintiff, is president of Local 50. Defendant Bakers For A Democratic Union is an allegedly unincorporated association representing an insurgent effort to unseat the official family of Local 50. Plaintiffs claim they were libeled by a circular distributed at several locations highly critical of Local 50's leadership. Defendants claim they were only seeking better union representation and recognition of their right to oppose the incumbent leadership without risking their employment. The allegedly defamatory part of the leaflet, according to the complaint, contains the following: "We have seen a recession with galloping inflation. However, instead of the fat cats at 799 Broadway doing their job of protecting the workers, they seem to be interested in only one thing: to get rid of the most dedicated and outspoken Local 50 members. McIntyre and his cronies at 799 Broadway have directly caused management to fire the Shop Chairman and news reporter at Silvercup, 5 union delegates at Thomas, a worker at Wonder Bread and candidates who declared their opposition to the incumbent slate. The workers who were fired all had committed one sin. They had spoken out openly against the wrong committed by the few dictators who run our union. But the fat cats at 799 Broadway and management have a new trick. It's called arbitration. In arbitration a worker is not allowed his own lawyer, is not allowed to call witness's *[sic]* (and the union has refused). The union and management pick the arbitrator. After arbitration the labor Board won't take up the case. In short, the law is stacked against the worker, if the union wants to get rid of him. But we are not going to let our union leaders get away with this. Since our union leaders and management have launched this offensive to get rid of anyone who speaks out, the baking industry has been quiet as a cemetery. We now see management stepping up its arro-

gance, speed up has become normal procedure and layoffs have formed a convention at the unemployment center. Fear has become the constant companion of the baker." Initially, the leaflet, even if defamatory, is directed at the officers of Local 50 and creates no cause of action in favor of the union itself. (Cf. *Hapgoods v Crawford*, 125 App Div 856.) Insofar as the individual defendants are concerned, the alleged defamation clearly arose within the context of an intraunion dispute and falls within the purview of the Labor Management Reporting and Disclosure Act (US Code, tit 29, § 411, subd [a], par [2]), which protects their right to criticize Local 50's management. *(Salzhandler v Caputo*, 316 F2d 445; *Cole v Hall*, 339 F2d 881.) Federal labor policy does not, however, pre-empt all State action, but limits State remedies for redressing libel to situations where the standards adopted in *New York Times Co. v Sullivan* (376 US 254) are met. *(Linn v Plant Guard Workers*, 383 US 53.) In order to prevail, then, plaintiffs must plead and prove that the publication in issue was made "with knowledge that it was false or with reckless disregard of whether it was false or not." *(New York Times Co. v Sullivan, supra*, p 280.) Paragraph No. 14 of the complaint alleges that the publication referred to in the preceding paragraphs "was false and, at the time of such publication, the defendants knew or should have known the statements contained therein were untrue." This allegation, pleaded in the disjunctive, is patently deficient, and is not cured by the affidavits in opposition to motion for summary relief. In sum, on the record before us, plaintiffs have failed to show with convincing clarity that defendants were motivated by actual malice. Accordingly, defendants' motion for summary judgment should have been granted.