No. 48,502

KENNETH M. VARNEY, *Appellant,* v. EMILY D. VARNEY, *Appellee.*

(567 P.2d 876)

Opinion filed July 11, 1977.

*Thomas Odell Rost,* of Topeka, argued the cause and was on the brief for the appellant.

*Jan M. Hamilton,* of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from an order of the trial court refusing to determine the right to custody of three minor children of the parties in a divorce action.

Kenneth and Emily Varney were married on October 12, 1969, in Murfreesboro, Tennessee. The first two of their three children were born while the parties resided in Tennessee. In September, 1972, Kenneth took the children and moved to Topeka, Kansas, without telling Emily. In December, 1972, Emily came to Topeka to join her family. Both Kenneth and Emily obtained jobs in Topeka. Later Emily became pregnant and a third son was born.

Marital problems again placed a severe strain on the marriage in the fall of 1975, and the parties agreed to try to save their marriage by returning to Tennessee and buying a new home. Emily went to Tennessee first and found employment at a Tennessee hospital. On September 26, 1975, she moved the children to Tennessee where the four have since resided. In December, 1975, Kenneth visited in Tennessee and signed a contract to purchase a new home.

Kenneth then returned to Topeka for the ostensible purpose of selling their Topeka residence and winding up his business affairs. He apparently decided not to return to Tennessee and continue the marital relationship because on December 24, 1975, he filed in the Shawnee County District Court a petition for

divorce and a motion for temporary custody of the children. Emily was served with the divorce petition in Tennessee five days later.

On January 9, 1976, Emily filed her answer and several motions. In her answer she alleged that she and the children were domiciled in Tennessee and the district court was without jurisdiction to hear the case. Her motions requested temporary child support, alimony, attorney's fees and possession of personal property.

Kenneth's motion for temporary custody was denied and Emily was granted temporary child support.

After hearing the matter the trial court granted the divorce, divided property, awarded attorney fees and assessed costs. The court refused to make any orders concerning the custody, care or control of the children, finding the court had no jurisdiction over the children. Kenneth appeals.

Both parties and the trial court have approached this issue on the assumption that it is necessary to determine the domicile of the wife and children in order to determine the jurisdiction of the court. The search for domicile is not now necessary because of the existence of K.S.A. 60-308 (b) (8). The statute provides:

"(b)  *Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

.  .  .  .  .  .  .  .  .  .

"(8)  Living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations arising for alimony, child support, or property settlement under article 16, if the other party to the marital relationship continues to reside in the state;"

Although Kansas patterned much of its long arm statute after those of other states, it pioneered the provision which confers jurisdiction in marital relationship cases. (*Scott v. Hall,* 203 Kan. 331, 337, 454 P.2d 449; Henry, Domestic Relations: The Role of Long Arm Statutes, 10 Washburn L.J. 487, 489.) The statute requires only that the parties live in a marital relationship within the State of Kansas (*Whisenant v. Whisenant,* 219 Kan. 387, 394, 548 P.2d 470), and that the party to the marital relationship other than the absent spouse continues to reside in Kansas. (*Scott v. Hall,* supra.)

Personal jurisdiction under the long arm statute is based on sufficient "minimum contacts" with nonresidents. Historical roots of the concept carry forward from *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565, and *Internat. Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057, to *McGee v. International Life Ins. Co.,* 355 U.S. 220, 2 L.Ed. 2d 223, 78 S.Ct. 199, and *Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed. 2d 1283, 78 S.Ct. 1228. Each case must be judged on its own merits to determine whether the nonresident defendant has sufficient minimum contact with this state so as to comply with due process when our courts assert *in personam* jurisdiction. (*Misco-United Supply, Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 528 P.2d 1248; *Tilley v. Keller Truck & Implement Corp.,* 200 Kan. 641, 438 P.2d 128.) Establishing a marital domicile within the state is sufficient minimum contact to confer *in personam* jurisdiction when the additional requirements of K.S.A. 60-308 (*b*) (8) are met. (*Scott v. Hall,* supra at 338-39.)

In *Whisenant v. Whisenant,* supra, it was said the statute applies to:

". . . cases involving alimony, support, child custody, visitation, and other rights arising solely from the husband-wife or parent-child relationships, to factual situations where the parties actually lived in the marital relationship within the state of Kansas. . . ." (p. 394.)

The Varney family existed as a family unit in the State of Kansas. Kenneth Varney continued to reside within the state after his wife and children departed; thus, the trial court had jurisdiction to hear and decide all matters incident to the marital union of Kenneth and Emily Varney, including the custody and support of the minor children.

It appears the trial court denied jurisdiction because of the provisions of K.S.A. 1975 Supp. 60-1610 (*a*) (now K.S.A. 60-1610 [*a*]). The statute reads:

"(*a*)  *Care of minor children.* The court shall make provisions for the custody, support and education of the minor children, and may modify or change any order in connection therewith at any time, and shall always have jurisdiction to make any such order to advance the welfare of a minor child if (*i*) the child is physically present in the county, or (*ii*) domicile of the child is in the state, or (*iii*) the court has previously exercised jurisdiction to determine the custody or care of a child who was at such time domiciled in the state. . . ."

The trial court construed the statute as requiring domicile of the children in this state as a basis for exercising jurisdiction in

matters pertaining to custody and support. This conclusion is based on a construction of the statute that the three conditions for acquiring jurisdiction apply to an original action for divorce. We believe it was the intention of the legislature to limit jurisdiction to those instances when actions relative to the custody and support of minor children occur subsequent to an original judgment for divorce in which custody and support matters were determined. The jurisdiction of the trial court in original divorce cases is not limited by 60-1610 (a).

The philosophy of this court has long been that all issues incidental to the dissolution of family ties should be determined at one time. Clearly, the intent of K.S.A. 60-308 (b) (8) is to allow a trial court to draw these matters together for unified disposition, even when one of the partners to the marital union has established a domicile elsewhere, once the initial requirements of the subsection are met. It serves no worthwhile purpose for two persons disenchanted with their marriage to dissolve their bonds in one state and battle for custody and support of their children in another state.

The decision of the trial court is reversed and the case is remanded for further proceedings on the issue of custody and support of the minor children.