This is a divorce case.
A petition for divorce was filed by appellant-wife in the Circuit Court of Montgomery County on February 7, 1977. The petition and summons was forwarded by certified mail to appellee-husband who resided in North Carolina. The petition and summons was returned unclaimed due to appellee-husband's refusal to accept the certified mail. A copy of the petition was then sent to appellee by ordinary mail in accordance with Rule 4 (e), ARCP.
Pursuant to Rule 12 (b), ARCP, the appellee-husband then filed two motions to dismiss, alleging (1) insufficiency of service of process and (2) lack of jurisdiction over the person of the husband. After the husband filed the above motions, the wife filed a petition for hearing on default judgment. The trial court set this matter for consideration upon arguments at the time of the pretrial hearing which was held July 8, 1977. Prior to the pretrial hearing, both parties were ordered to furnish the court with briefs concerning the husband's motion to dismiss for lack of jurisdiction over the person of the husband.
After consideration of the matters presented at the pretrial hearing, the court ordered, in pertinent part, the following:
 ". . . and further, that the husband's motion to dismiss for lack of jurisdiction over the person of husband should be granted because there does not exist sufficient contacts with the State of Alabama to establish in personam jurisdiction over the person of the husband: it is, therefore,
"ORDERED, ADJUDGED and DECREED as follows:
 "1. That the wife's motion to strike and dismiss husband's motion to dismiss as being unresponsive and request for setting of April 4, 1977 petition for hearing on default judgment is denied, insofar as in personam jurisdiction only is concerned.
 "2. Jurisdiction of divorce procedures is properly before the Court as an in rem proceeding.
 "3. That the husband's motion to dismiss for insufficiency of service of process is denied.
 "4. That the husband's motion to dismiss for lack of jurisdiction over the person of the husband is granted."
The dispositive issue in this case is whether the trial court erred to reversal in finding that it did not have personal jurisdiction over the husband.
The pertinent facts in this case, as revealed by the record and briefs[1] filed with this court, are as follows:
The wife and husband were married in Montgomery, Alabama, on May 12, 1972, while the husband was temporarily assigned to Maxwell Air Force Base, Alabama. The husband is a member of the U.S. Air Force, holding the rank of Captain. The wife had *Page 808 
been a life long resident of Alabama. Alabama was not the domicile of the husband. The couple resided in Montgomery for approximately ninety days until the husband was transferred on September 1, 1972, to Seymour Johnston Air Force Base in North Carolina.
The couple resided in North Carolina until February 28, 1975, when the husband was assigned to Korat, Thailand. While the husband was overseas, the wife lived in Texas with the husband's parents and then the wife moved to Montgomery while the husband was still stationed in Thailand. This occurred in August of 1975. The husband spent approximately twenty-one days in Montgomery during his Christmas leave of December, 1975-January, 1976.
The husband's assignment to Thailand ended March 1, 1976, at which time he returned to Montgomery to pick up the wife. On March 13, 1976, the wife and husband resumed residence in North Carolina as the husband was again assigned to duty at Seymour Johnston Air Force Base.
The wife, without the husband, moved to Montgomery on May 13, 1976, and filed for divorce in August of 1976.
We come now to the question of whether the trial court had in personam jurisdiction over the husband.
ARCP, 4.2 (a)(2), as set out in pertinent part below, defines the bases of in personam jurisdiction over nonresidents or absent residents.
 "2. Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
. . . . .
 "(H) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state; or
 "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."
According to the committee comments to Rule 4.2, subparagraph (H) is designed to demonstrate or state a certain activity which constitutes "minimum contacts" with Alabama sufficient to subject a nonresident individual to suit and in personam jurisdiction within Alabama.
Subparagraph (I) is designed to allow service in a situation which does not fit comfortably within any of the transactional bases set out in subparagraphs (A)-(H) of Rule 4.2. The explanatory statement appearing in subparagraph (I) was included to prevent the specific descriptions of contacts as set forth in subparagraphs (A)-(H) from having a limiting effect on the "catch-all" reference to minimum contacts in subparagraph (I).
The wife contends the trial court has jurisdiction over appellee-husband by virtue of subparagraph (H). While it is clear that the parties were married in Montgomery and lived there for approximately ninety days thereafter, such facts do not subject the appellee-husband to the provisions of subparagraph (H).
The Supreme Court of Kansas, when faced with the interpretation of a provision identical to subparagraph (H), stated that the subparagraph is designed to cover the situation where wrongs were committed in the marital relationship while the parties were domiciled within that state. Personal service sufficient to support a personal judgment would then be available even though the defendant had moved to and acquired a domicile in another state. See Scott v. Hall, 203 Kan. 331,454 P.2d 449 (1969). *Page 809 
Therefore, subparagraph (H) is to be used when the parties are living in the marital relationship within the state; a wrong is committed; and the defendant leaves Alabama. The subparagraph also requires that the party to the marital relationship, other than the leaving spouse, continue to reside in Alabama. See Scott v. Hall, supra.
From the facts as noted above, we find the parties in this case do not fall within such a situation. The domicile of the marital relationship was, as far as this court can determine, North Carolina and not Alabama. The "wrongs," as alleged by the wife, were in large measure apparently committed while the parties were residing in North Carolina.
The mere fact of having once lived in the marital relationship in Alabama is not sufficient so as to bring it within the purview of subparagraph (H). See Scott v. Hall,supra.
Turning now to subparagraph (I) of Rule 4.2, we note personal service may also be obtained upon a person who has some minimum contacts with Alabama.
Subparagraph (I) is designed to cover a situation where a cause of action arises out of acts done by an individual in Alabama. This action may be sued upon in Alabama although the defendant has left the state.
As indicated above, the facts in this case do not evidence such minimum contacts so as to create in personam jurisdiction over the appellee in Alabama.
North Carolina was the parties' last matrimonial domicile. It should also be noted that the parties had not been domiciled as husband and wife in Montgomery since 1972. North Carolina is the place where, in large measure, the husband's asserted wrongful conduct created the grounds for divorce. It is presumably the residence of a majority of the witnesses who might be called to testify. North Carolina has continued to be the residence of the husband and where he plans permanent residence.
With the above in mind, we cannot say that the fact of marriage of the parties in Montgomery and living there for approximately four months is sufficient to establish minimum contacts with Alabama so as to confer in personam jurisdiction over the husband by virtue of subparagraph (I). See Bunker v.Bunker, 552 S.W.2d 641 (Ark. 1977); McIntyre v. Bakers for aDemocratic Union, 54 A.D.2d 872, 388 N.Y.S.2d 587 (1976).
The wife also alleges error in the trial court's refusal to grant her request for a default judgment. Upon proper motion by the husband questioning the in personam jurisdiction of the court, the trial court set the request for default judgment to be heard at the pretrial conference along with other pending motions.
It is clear to this court that the filing of the motion to dismiss, which challenged the jurisdiction of the court, would preclude the entry of a default before the disposition of the motion. See National Distillers Products Corporation v.Hindech, 10 F.R.D. 229 (D.C.Colo. 1950).
The trial court was therefore not in error in refusing to grant the appellant's request for default judgment prior to the disposition of the pending motions.
In summary, the facts of this case do not confer in personam jurisdiction on the husband under either subparagraph (H) or (I) of Rule 4.2. This case is thereby due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We would be remiss in not commenting that both counsel for the wife and husband have favored this court with excellent briefs. *Page 810