Laureen BAILEY, Appellant and Cross-Appellee,

v.

Dennis J. HAAS, Appellee and Cross-Appellant.

Nos. 6177, 6688.

Supreme Court of Alaska.

Dec. 3, 1982.

Donald W. Edwards, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellant and cross-appellee.

Phil N. Nash, Kenai, for appellee and cross-appellant.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

CONNOR, Justice.

This appeal arises from an action brought pursuant to the Uniform Reciprocal Enforcement of Support Act[1] (hereinafter URESA) for child support. The superior court entered judgment in favor of plaintiff Laureen Bailey, ordering defendant Dennis Haas to pay child support of $150 per month. Bailey appeals the superior court's dismissal of her petition for past due child support and the denial of costs and attorney's fees. Haas cross-appeals the court's denial of his attorney's fees.

### I. Dismissal Of Arrears

On June 9, 1980, a petition to initiate support proceedings under URESA was filed by the State of Michigan on behalf of Michigan resident Laureen Bailey. The petition was filed in Kenai Superior Court naming Dennis Haas, a resident of Alaska, as respondent. A motion for an order of support was filed in Kenai Superior Court on October 3, 1980, requesting $240 per month in ongoing support and $10,255.78 in arrears. At a child support hearing on January 16, 1981, the superior court dismissed the action for arrearages because the petition did not specifically pray for such a judgment and because it considered Michigan to be in a better position to ask for judgment within that state. We hold that the superior court erred in its dismissal on both grounds.

First, the petition's failure to include a prayer for arrearages did not justify dismissal of the claim. The function of a pleading is to give notice of the type of claim asserted. *See Morrow v. New Moon Homes, Inc.,* 548 P.2d 279, 295 (Alaska 1976). The body of the petition stated that Haas had contributed nothing toward the support for his daughter. Further, the motion for an order of support specifically requested arrearages. Therefore, Haas had notice of the claim for arrearages at the very latest by October 3, 1980, when the motion was filed.

The superior court's second ground of dismissal seems to be based on the assumption that a request for arrearages must be reduced to judgment by the petitioning state. There is no such requirement. It is clear that in URESA actions, Alaska law applies.[2] Under Alaska law,

1. AS 25.25.010–.270.

2. AS 25.25.060.

arrearages are recoverable in URESA actions.[3]

Thus, the superior court's dismissal of the claim for arrears was in error.

## II. Costs And Attorney's Fees

■ Laureen Bailey appeals the superior court's denial of her costs and attorney's fees. The court cited *Johnson v. Johnson,* 564 P.2d 71 (Alaska 1977), *cert. denied,* 434 U.S. 1048, 98 S.Ct. 896, 54 L.Ed.2d 800 (1978), as preventing the application of Alaska Civil Rule 82, the attorney's fees provision. We hold that *Johnson,* which involved divorce proceedings, does not apply in child support proceedings under URESA. We note, however, that Rule 82(a)(2)[4], rather than the set schedule of Rule 82(a)(1), should apply here as the money judgment is not an accurate criterion for determining the award. We further caution that this poses a delicate problem in child support proceedings, as too large a fee may impair the ability of the defendant to fulfill support obligations.

■ Haas cross-appeals the superior court's denial of his motion for attorney's fees. Haas alleges an abuse of the discovery process which should result in an award of fees pursuant to Civil Rule 95(a). This appeal is without merit. Haas has failed to show an abuse of discovery, and he has not shown an abuse of the superior court's discretion.

Accordingly, we REVERSE the superior court's decision and REMAND for a hearing on arrearages and Bailey's costs and fees.

---

**3.** *See* AS 25.25.010(6) and AS 25.25.080.

**4.** Civil Rule 82(a)(2) states:

"(2) In actions where the money judgment is not an accurate criteria [sic] for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered."