Diane E. KERR, a/k/a Diane E. Noak, Appellant,

v.

Michael E. KERR, Appellee.

No. S–2526.

Supreme Court of Alaska.

Sept. 15, 1989.

Denis R. Lazarus, Anchorage, for appellant.

---

**15.** The issues raised on cross-appeal are rendered moot by our disposition of this appeal.

Dan Allan and Richard M. Stevens, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

Michael C. Kerr and Diane E. Kerr a/k/a Noak were divorced in Indiana on November 8, 1968. On that date an Indiana Circuit Court approved a custody agreement requiring Michael to pay $42.50 per week in support to Diane for their two daughters. Michael allegedly stopped making payments when he left Indiana for Alaska in 1974.[1]

On January 22, 1986, Diane petitioned the Indiana court for a citation for contempt for failure to pay delinquent child support. Michael was served with notice of the Indiana action in Anchorage on January 30, 1986. Michael filed a limited appearance, pro se, to contest personal jurisdiction on February 7, 1986. The entry of appearance was not served on Diane or her attorney. Michael had no further contact with the Indiana court, or Diane or her attorney, and failed to appear for the Indiana hearing on March 12, 1986. At the hearing, the Indiana court ordered judgment in default against Michael for delinquent support and held him in contempt for his failure to pay the arrearages.

Diane filed a Notice of Filing of Foreign Judgment in Anchorage Superior Court on January 8, 1987.[2] Michael filed a Motion for Relief from Judgment on August 17,

1987. The superior court granted Michael's motion for relief.

On appeal Michael argues that he was denied due process of law under the Fourteenth Amendment to the United States Constitution[3] by the Indiana court because (1) the Indiana court failed to *notify* him that it had denied, or would not consider, his claim that the Indiana court lacked personal jurisdiction over him and (2) he was not afforded an *opportunity to be heard* on his jurisdictional claim. Michael's argument is in error. Michael's limited appearance need not have been regarded as a challenge to jurisdiction. He evidently made no motion presenting this defense.

■■■ Notice reasonably calculated to afford the parties an opportunity to present objections to a proceeding, and affording them a reasonable time to do so, is a fundamental requirement of due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352, 1356 (Alaska 1974); *Mueller v. Mueller*, 259 Ind. 366, 287 N.E.2d 886, 889 (1972). Michael received notice of the Indiana hearing scheduled to determine the amount he owed Diane for child support arrearages. Through such notification, Michael also had the opportunity to be heard.

According to the "Minutes of the [Indiana] Court":

1. The Indiana trial court served process on Michael by certified mail on January 22, 1986.

---

1. On March 12, 1986, an Indiana court issued a finding that Michael had made no child support payments since 1970. Order entered in the State of Indiana County of Law, Case No. C68–1296, signed by Judge Lorenzo Arredondo, March 12, 1986.

2. Diane filed her Notice of Filing of Foreign Judgment under AS 09.30.200 of the Alaska Uniform Enforcement of Foreign Judgments Act, AS 09.30.200–09.30.270. This was proper, although alternatively she could have filed her action under AS 25.25.010–25.25.270, the Alaska Uniform Reciprocal Enforcement of Support Act. *Bailey v. Haas*, 655 P.2d 764, 765 (Alaska

1982) (under Alaska law, arrearages are recoverable in actions under this chapter).

3. U.S. Const. amend. XIV § 1 reads in pertinent part: "No state ... shall ... deprive any person of life, liberty, or property, without due process of law...." *See Kulko v. California Superior Court in and for the City and County of San Francisco,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978) ("The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants").

2. In the summons, the Indiana court notified Michael that a hearing was set for February 26, 1986.

3. Michael responded pro se to the summons on February 7, 1986, filing a "Limited Appearance Solely to Contest Jurisdiction."

4. On February 24, 1986 Diane moved for and obtained a continuance of the hearing from February 26, 1986 to March 5, 1986.

5. The hearing was held on March 12, 1986 and because he did not appear Michael was defaulted on a judgment of $27,380.00.

Minutes of the [Indiana] Court, Case No. C68–1296.

Michael received notice of the Indiana hearing and had the opportunity to present his defenses. The Indiana court was not required to advise Michael that his "limited appearance" was not a valid motion and would be disregarded. Michael was not denied due process of law.

■ Michael also claims that the Indiana court did not have personal jurisdiction over him at the March 12, 1986 hearing. The requirement that the court have personal jurisdiction over the parties before it is an element of due process. *Hanson v. Denckla,* 357 U.S. 235, 250, 78 S.Ct. 1228, 1237, 2 L.Ed.2d 1283 (1958) (Under the Fourteenth Amendment, any judgment purporting to bind the person of the defendant over whom the court has not acquired personal jurisdiction is void); *Kulko v. California Superior Court in and for the City and County of San Francisco,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978) ("It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant.").

4. *See Neill v. Ridner,* 153 Ind.App. 149, 286 N.E.2d 427, 429 (1972) ("[T]he twin requirements of 'minimum contact' and 'adequate notice' ... are present in a manner deemed by us to be more than sufficient to satisfy 14th amendment due process."); *Valdez v. Ford, Bacon and Davis, Texas, Inc.,* 62 F.R.D. 7, 14 (N.D. Ind.1974) ("Indiana Trial Rule 4.4 is intended to extend personal jurisdiction of courts sitting in this State ... to the limits permitted under the

*See generally* Kurland, *The Supreme Court, The Due Process Clause and the In Personam Jurisdiction of State Courts,* 25 U.Chicago L.R. 569 (1958).

■ Michael's argument that the Indiana court lacked personal jurisdiction fails. The Indiana court had personal jurisdiction over Michael in the original divorce proceeding. The later proceedings were conducted in the original action in order to enforce the judgment obtained therein. Assuming that jurisdictional grounds independent of those justifying the original action were needed, they clearly were present. Michael was served under Indiana's long arm jurisdiction. Indiana Rule of Trial Procedure 4.4 reads in pertinent part:

SERVICE UPON PERSONS IN ACTIONS FOR ACTS DONE IN THIS STATE OR HAVING AN EFFECT IN THIS STATE

(A) Acts serving as a basis for jurisdiction. Any person ... that is a non-resident of this state ... submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

. . . .

(7) *Living in the marital relationship within the state notwithstanding subsequent departure* from the state, *as to* all *obligations for ... child support ... if* the *other party* to the marital relationship *continues to reside in the state.*

(Emphasis added).[4]

The requirements of this rule were met: (1) Michael and Diane lived in a marital relationship in Indiana, (2) Diane continues to reside in Indiana, and (3) the issue at hand involves an obligation for child support. Jurisdiction exercised under the circumstances is in accordance with due process.[5] *In re Marriage of Hudson,* 434

due process clause of the Fourteenth Amendment"). *See also Oddi v. Mariner–Denver, Inc.,* 461 F.Supp. 306, 308 (S.D.Ind.1978).

5. Michael's argument that the requirements of AS 09.30.100–09.30.180 were not met lacks merit, as that Act does not apply to judgments of states of the United States or judgments for child support. AS 09.30.170(1) and (2).

N.E.2d 107, 112–13 (Ind.App.1982), *cert. denied*, 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 433 (1983); *Scott v. Hall*, 203 Kan. 331, 454 P.2d 449, 455 (1969).

The judgment of the superior court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.