114 N.J. Super. 439 (1971)
276 A.2d 878
BARBARA WRIGHT, PLAINTIFF,
v.
NATHAN WRIGHT, JR., DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 28, 1971.
*440 Mr. Thomas R. Ashley for plaintiff (Messrs. Brown, Vogelman, Morris & Ashley, attorneys).
HARTMAN, J.C.C. (temporarily assigned).
The question to be decided on this pendente lite motion is whether, in a separate maintenance action, a "long-arm" personal service on a nonresident defendant gives Chancery in personam jurisdiction over him to warrant the entry of support orders and judgments against him. Defendant has filed no answer nor has he in any manner appeared in the action.
Plaintiff's complaint alleges that she and defendant were married in North Carolina in 1942. From 1964 to November 1968 they cohabited as husband and wife in Orange, N.J., when defendant abandoned her and their daughter Carolyn, now aged 12. He remained in this State until June, 1969. On June 26, 1969 he instituted a suit for divorce against plaintiff in Nevada and procured a divorce decree on July 17, 1969. Plaintiff entered no appearance in that action nor did she participate in any manner. That decree was later adjudged to be of no force or effect by a judgment of this court on October 19, 1970 (Docket M3958-69).
After securing his ex parte divorce he returned east, went to New York, apparently residing in Albany until he purchased a $50,000 home overlooking the Hudson River in Selkirk, N.Y., where he lives with another woman whom he apparently married after securing the Nevada decree. He has since June 1969 been employed by the State University of New York, at Albany, as chairman of its African-American Studies Department.
Defendant is alleged to be a renowned author and educator, has served as a consultant to the University of Cincinnati, *441 C.W. Post College and the Minneapolis Board of Education. He has published a number of works, one of which is entitled Black Power and Urban Unrest. Significantly for purposes of this case he writes a weekly Sunday article for the Newark Star Ledger.
Plaintiff's complaint seeks separate maintenance and support for herself and the child of this marriage. Defendant is allegedly earning $45,000 a year. Service of the summons, complaint and notice of motion for temporary allowances were personally served on defendant at the State University in Albany by a deputy sheriff of Albany County.
New Jersey statutes dealing with jurisdiction are set forth in N.J.S.A. 2A:34-8, 9 and 10. Section 8 grants jurisdiction to the Superior Court "of all causes of divorce or nullity and of alimony and maintenance * * *." This deals with subject matter. Section 9 deals with nullity when "either party is a bona fide resident of this state at the time of the commencement of the action" and process is served upon the defendant "as prescribed by the rules of the supreme court." Section 10 deals with jurisdiction over the parties in absolute divorce or in bed and board divorce situations, and service of process is again prescribed by court rule. No present statute provides expressly for jurisdiction over the parties in separate maintenance actions. Consequently we must look to decisional law and our court rules.
An order or judgment for the payment of alimony or support is a personal judgment, and it has been the law that process had to be served on defendant personally within the State whether he was a resident or a nonresident defendant. Kase v. Kase, 18 N.J. Super. 12 (App. Div. 1952); cf. Meeker v. Meeker, 52 N.J. 59 (1968).
R. 4:4-5 provides for service of summons on absent defendants, but jurisdiction is limited by this rule to actions in rem or quasi in rem. Mrs. Pressler's comment to this rule notes that it is "not applicable to service of process on absent or nonresident defendants in matrimonial actions."
*442 We have no matrimonial rule dealing with service of process in separate maintenance actions. See R. 4:78, which refers to divorce and nullity only. In the general rules governing the civil practice in the Superior Court, R. 4:4-4 particularizes the methods of service to secure in personam jurisdiction over a defendant. By subparagraph (a) service of a summons and complaint shall be made on an individual by, among other methods, delivery of copies "to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with a competent member of his family of the age of 14 years or over then residing therein." This rule does not state that this service must be accomplished in this State nor that it cannot be served elsewhere than in this State. Cf. R. 4:4-4(i).
Subparagraph (c) of R. 4:4-4 deals with the service of process on corporations, partnerships and associations. This is the rule, along with subparagraph (d), which vests our courts wtih jurisdiction over nonresidents consistent with due process, under the so-called long-arm theory.
In Roland v. Modell's Shoppers World of Bergen County, 92 N.J. Super. 1 (App. Div. 1966), the Appellate Division held, citing International Shoe, infra, that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" The rule has been construed not to be limited to corporations but to apply as well to individuals.
In J.W. Sparks & Co. v. Gallos, 47 N.J. 295 (1966), a stockbroker's suit against an individual involving the purchase and sale of stock, our highest court held that there should be no "differentiation" between corporations and individuals in the exercise of jurisdiction under long-arm statutes. After reviewing Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); International Shoe Co. v. Washington, *443 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), Justice Jacobs said:
Nothing in Hanson, McGee or International Shoe furnishes support for the District Court's flat differentiation of non-resident individuals from foreign corporations. Nor are we persuaded that there should be such differentiation. As Professor David Currie has pointed out, International Shoe made it clear that the test is "fundamental fairness" to the defendant in the light of his contacts with the forum state, its legitimate interests, and the interests of trial convenience, and that there is no justification for limiting the test to corporations for if it is fair to subject corporations with business contacts in a state to legal action there, it is also fair to do the same with respect to individuals `similarly situated'. 1963 U. Ill. L.F. at p. 561 [at 301].
Although not previously decided in this State, I see no reason why a long-arm jurisdiction should not be available in a separate maintenance action against a nonresident defendant, given an appropriate factual setting. In this case the State of New Jersey has a legitimate interest in the abandoned wife and child who still remain domiciled here. Defendant's "minimal contacts" in New Jersey are prima facie established by the weekly column which he writes and submits for publication in the Newark Star Ledger, a local newspaper. It is a continual contact in this State. The court has seen these articles from time to time, which are published along with the author's picture. He is doing business in this State.
It is therefore my opinion that Chancery has acquired in personam jurisdiction over defendant, and plaintiff may proceed to the orderly prosecution of her case.