James R. MALLORY, Theola MALLORY and
Carolyn MALLORY *v.* Nancy EDMONDSON, as
Guardian of the Person and Estate of
Nancy MALLORY, and Nancy EDMONDSON, Individually

74-292                                          521 S.W. 2d 215

Opinion delivered March 31, 1975
[Rehearing denied May 5, 1975.]

*Brockman, Brockman & Gunti* by: *E. W. Brockman, Jr.*, for appellant.

*James L. Hall, Jr.*, for appellee.

ALLAN W. HORNE, SPECIAL CHIEF JUSTICE. This is an appeal from an Order of the Jefferson County Chancery Court adjudicating custody of Nancy Mallory, an adult incompetent person, and ordering Appellants to return Nancy to Appellee, her grandmother and guardian of her estate and person, and from whose custody Appellants had forceably taken Nancy. Appellants James H. Mallory and Theola Mallory are Nancy's parents and Carolyn Mallory is her sister. At issue here is whether the Chancery Court had jurisdiction over the Appellants and Nancy for the purpose of adjudicating custody and whether the Court's Order in awarding custody to Appellee is supported by the evidence.

Nancy, who at the time of the trial of this case was approximately 31 years of age, was the unfortunate victim of two automobile accidents from which she received serious and permanent injuries. The first accident occurred in 1949 when she was 7 years old and the injuries she received therefrom resulted in crippling injuries and permanent, brain damage which left her retarded and mentally incompetent. The second accident occurred in 1963 and resulted in further permanent, crippling injuries. For many years she has been unable to feed or bathe herself, move about or otherwise care for her bodily needs.

Prior to the 1949 accident, Nancy had from time to time lived with her grandmother and during one period of time while her father was in the military service, resided with

Appellee for a period of almost three years, part of which time Nancy's mother also resided in Appellee's home. After the first accident, Nancy was hospitalized in Memphis, Tennessee where she was treated by a brain specialist, and because of the close proximity of Appellee's home in Pine Bluff, it was decided to leave her with Appellee to continue Nancy's care and treatment by the Memphis physician. What was probably at the time thought by all parties to be a temporary arrangement became permanent for Nancy was destined to live the next 23 years with her grandmother who willingly and devotedly accepted the heavy responsibility of Nancy's care and custody.

In 1963, in connection with the settlement of the second automobile accident in which Nancy was injured, Appellee was appointed guardian of the estate and person of Nancy by the Jefferson County Probate Court. Nancy's parents consented to such appointment and, in writing, waived notice of the appointment of Appellee as Nancy's guardian. (The Chancellor found that the parents had consented to the appointment of Appellee as Nancy's guardian for all purposes and not just for the settlement of the accident case). Although there is some dispute as to the length and frequency of visits, it appears that Nancy's parents visited her in Appellee's home from time to time and that Nancy was taken to Appellants' home in Kentucky for visitation for periods ranging from one to three months a year. However, it is undisputed that, with the exception of such visits, Nancy lived with Appellee from 1950 to June 16, 1973 when Nancy, over the objection of Appellee, was forceably removed from Appellee's home by Appellants and taken by automobile to Appellants' home in Russellville, Kentucky.

The Appellee filed this suit in her capacity as guardian of the estate and person of Nancy and individually praying that she be awarded compensatory and punitive damages for bodily and mental injury allegedly inflicted upon her in the course of the taking of Nancy from her home and that Appellants be ordered to return Nancy back to her care and custody.

In response thereto Appellants, appearing specially to

contest the Court's jurisdiction, filed a Motion to Quash the Service of Process upon them on the ground that they were non-residents of the State of Arkansas and had not been served while in this State. Upon the Court's overruling their Motion to Quash, Appellants, preserving the jurisdictional question, filed their Answer in which they denied: that they took Nancy by force and violence or that they had inflicted any bodily harm or injury to Appellee; that the Appellee is the legally appointed guardian of Nancy; that they consented to the appointment of Appellee as Nancy's guardian; that Appellee is a proper person to have Nancy's custody on the ground that Appellee is not physically able to care for and maintain Nancy. They affirmatively alleged that they and Nancy are non-residents of the State of Arkansas and are domiciled in and residents of Russellville, Kentucky and that the Court does not have jurisdiction of the Appellants or of Nancy; that the Complaint erroneously joins an individual tort action in a custody proceeding; that Appellant James R. Mallory, Nancy's father, was appointed Nancy's guardian in Kentucky in 1950 which guardianship is still in full force and effect; that James R. Mallory was also appointed Nancy's guardian in Kentucky on August 31, 1974, which guardianship is in full force and effect; that Appellant James R. Mallory and Theola Mallory are entitled to Nancy's custody and are physically and financially better able to care for her than Appellee. There were numerous other pleadings, motions, allegations, and charges but the above summarizes the essential facts and pleadings.

From an Order of the Chancery Court finding against Appellants on the jurisdictional question and awarding custody to Appellee with specified visitation privileges to Appellants, Appellants bring this appeal. (The Chancellor held that a cause of action brought by a fiduciary cannot be joined with a cause of action brought in an individual capacity and that the Chancery Court had no jurisdiction to hear and determine an unliquidated tort claim. Neither party raised either of these issues on appeal and, hence, they are not before the Court).

For reversal Appellants rely on the following points:

I. The Chancery Court of Jefferson County, Arkansas •

lacked jurisdiction of the Appellants, James R. Mallory, Theola Mallory and Carolyn Mallory, and of the person of the ward, Nancy Virginia Mallory.

II. There is no testimony to deprive the natural parents of the custody of their adult daughter and ward.

I. Service of process was had upon the Appellants in accordance with the provisions of *Ark. Stat. Ann.* § 27-339.1 which provides in pertinent part as follows: "Any cause of action arising out of acts done in this State by an individual in this State or by an agent or servant in this State of a foreign corporation may be sued upon in this State, although the defendant has left this State, by process served upon or mailed to the individual or corporation outside the State."

Appellants argue that the statute applies only to tort actions and not to an action of the nature of the case at bar. We find no case where the statute has been previously construed by this Court. However, as we construe the statute it is not restricted to tort actions. We unhesitantly hold that the acts of Appellants coming into Arkansas, a state where Nancy has lived with their consent for over 20 years, and forcefully and against the will of her legal guardian, removing her from the state creates a cause of action in favor of Appellee as guardian. The statute is constitutional. See *Wichman* v. *Hughes,* 248 Ark. 121, 450 S.W. 2nd 294 (1970) and cases therein cited.

The Chancellor also held that the Court had jurisdiction of Nancy for the purpose of determining her custody even though she was not then present in this state and we agree. The *Restatement of the Law* states that there are three bases upon which jurisdiction may be laid in custody cases. *Restatement, Second, Conflict of Laws,* (1971), Sec. 79 reads as follows:

"A state has power to exercise judicial jurisdiction to determine custody, or to appoint a guardian, of the person of a child or adult

(a) who is domiciled in the state, or
(b) who is present in the state, or

(c) who is neither domiciled nor present in the state, if the controversy is between two or more persons who are personally subject to the jurisdiction of the state."

In *Shaw* v. *Shaw*, 251 Ark. 665, 473 S.W. 2d 848, (1971), it was held that each of the above bases provides a reasonable basis for jurisdiction in a proper case. In the case at bar we find that the ward was domiciled in this state for the following reasons: she has resided in this state for over 20 years; her guardian who stands in loco parentis to her is domiciled in this state. It is further pointed out that the third basis of jurisdiction noted by the Restatement, i.e., if the controversy is between two or more persons who are personally subject to the jurisdiction of the state, is present in this case inasmuch as we have held that the Court had personal jurisdiction of Appellants as discussed above.

To hold that this state does not have jurisdiction to determine Nancy's custody because she is no longer present in this state would be tantamount to approval of Appellants' action in wrongfully removing her from her guardian's custody and to encourage self-help in similar cases. This we decline to do.

II. The Chancellor's award of custody to Appellee gives us more difficulty. We quote in part from the lengthy and well-reasoned opinion of the Chancellor.

"The facts of this case are different from any case that this Court has ever heard. There appears to be a paucity of cases with similar facts. Nancy has been in the plaintiff's home for most of the time since 1950, visiting occasionally in the home of defendants. In December, 1963, with a waiver of notice having been properly executed by Defendants James R. Mallory and Theola Mallory, the plaintiff was appointed guardian of the person and estate of Nancy by the Probate Court of Jefferson County. She was the legal guardian of Nancy at the time that the defendants forceably removed the ward from plaintiff's home.

"The Court, in striving to arrive at a just and equitable

decision, has considered several relevant factors. Factors tending to support the defendants' position are:

(1) They are the natural parents and sister of the incompetent.

(2) They are younger than plaintiff and would probably be more able to personally care for Nancy than the legal guardian.

(3) The family would be reunited.

"Factors tending to support plaintiff's position are:

(1) The plaintiff has had the physical custody of Nancy for most of the time since 1950. The natural parents have consented to the arrangement whereby their daughter has made her home with plaintiff over twenty years.

(2) The plaintiff has been Nancy's legal guardian since December, 1963, this appointment having been made with the knowledge and consent of Defendants James R. Mallory and Theola Mallory.

(3) The plaintiff appears to have given Nancy constant and attentive care during the entire time the incompetent has resided in the home of this party.

(4) As legal guardian and pursuant to Ark. Stats. 57-625, the plaintiff was 'entitled to the custody of the ward.' The defendants had several legal remedies available to them to obtain the custody of Nancy, but instead of pursuing one of these remedies, they took the law into their own hands and forceably removed this incompetent from the home of her legal guardian and fled the State.

(5) Even though certain physical infirmities of the plaintiff has made it more difficult for her to minister to the needs of Nancy as she once did, the evidence reflects that Mrs. Edmondson, as the legal guardian of Nancy, is holding assets in excess of $6,000.00 that belongs to her ward. This account could be used to hire someone to assist on a part-time or full time bases."

There is evidence that the Appellee who with her husband is over 80 years of age, is deteriorating physically and has some trouble seeing. On the other hand, James R. Mallory is suffering from advanced stages of emphysema and asthmatic condition and there was some doubt as to whether he would be physically able to make the trip to Arkansas in order to attend the trial of this cause. There is evidence that Nancy's mother, Theola, has herself been ill and was hospitalized for significant health reasons on several different occasions in 1965, 1967, 1969 and 1970. Other examples of balancing factors affecting a decision as to the proper person to have Nancy's custody could be cited. While we may have decided the case differently had we been the Chancellor, our reasons for not substituting our judgment for the Chancellor's in this case are well stated in *Stevenson* v. *Stevenson*, 237 Ark. 724, 375 S.W. 2d 659 (1964) where we said:

> "During the hearing the perceptive Chancellor had the opportunity to fully appraise the witnesses and their testimony. Appellant vigorously contends that the Chancellor erred in awarding custody of the children to the father, but there was estimable evidence which supported the able Chancellor's conclusion, and we have said, consistently and frequently, that we will not reverse the findings of the Chancellor unless such findings are against the preponderance of the evidence."

In recognition of the finding by the Chancellor that "because of Plaintiff's age, the time is not far removed when another custodial arrangment will, out of necessity, have to be worked out for Nancy," the Court retained jurisdiction of the case for the purpose of entering appropriate orders in the future relative to Nancy's welfare. We would echo the Chancellor's statement and emphasize that the Appellants are always free to petition the Court for a modification of the custody decree upon a showing of changed circumstances. *Stevenson* v. *Stevenson*, supra.

Affirmed.

BYRD, J., Dissents.

HARRIS, C.J., not participating.