542 P.2d 1131

Concepcion NICKERSON, Appellant,

v.

Paul H. NICKERSON, Appellee.

No. 2 CA–CIV 1935.

Court of Appeals of Arizona,
Division 2.

Dec. 3, 1975.

Review Granted Feb. 18, 1976.

Neighborhood Law Offices by Philip Hall, Tucson, for appellant.

John G. Stompoly and James L. Stroud, Tucson, for appellee.

OPINION

HOWARD, Chief Judge.

This case involves the applicability of Arizona's "long arm" statute (Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S.) to service of process in domestic relations cases.

On October 3, 1974, appellant-wife filed a petition for dissolution of marriage. Appellee-husband, a resident of Massachusetts, was served by registered mail pursuant to Rule 4(e)(2). The complaint, inter alia, requested an order that the appellee be required to pay $75 per month for child support and hold the wife free and harmless from all community debts.

The husband did not file an answer and default was entered. At the default hearing, counsel for the husband appeared for the sole purpose of contesting the jurisdiction of the court to award in personam relief. The trial court ordered dissolution of the marriage but refused to award child support payments or to order the husband to hold the wife free and harmless from all community debts because of lack of in personam jurisdiction over the husband.

The parties were married in May of 1971 in Tucson, Arizona. The husband was at that time a member of the United States Air Force stationed at Davis Monthan Air Force Base. They lived in Tucson until December of 1972, when the husband was transferred to Rome, New York. The wife and a daughter who was born in Tucson moved to New York with the husband. In July of 1973, the wife and daughter returned to Arizona without the husband. The wife has not seen the husband since she departed New York and the husband had not been in the State of Arizona since December of 1972. The husband is not now a member of the armed forces.

While living in Tucson, the parties rented a home and the husband had a part-time job as a janitor with a private enterprise in addition to his military duties. The wife testified that they were having "marital difficulties" when they were living in Arizona. Since leaving New York she has received money from her husband for only two or three months.

Does Rule 4(e)(2) apply to domestic relations cases so as to give the trial court in personam jurisdiction over non-residents under circumstances such as those here presented? The rule provides:

"When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. . . ."

The applicability of such a rule to contracts or tort actions has been growing in acceptance. However, there have been doubts expressed regarding its applicability to divorce actions because of the harsh result which occurs when the court granting the decree exercises continuing jurisdiction for the purpose of modifying it. See dissenting opinions in *Mizner v. Mizner,* 84 Nev. 268, 439 P.2d 679 (1960) cert. denied, 393 U.S. 847, 89 S.Ct. 130, 21 L.Ed.2d 117 (1960).

The rule in Arizona is not by its terms limited to contract or tort cases. In *Phillips v. Anchor Hocking Glass Corp.,* 100 Ariz. 251, 254, 413 P.2d 732 (1966), the court stated that the choice of general language of the Rule was intended to give Arizona residents the maximum privileges permitted by the Constitution of the United States. Thus, a state court may acquire personal jurisdiction over a non-resident defendant if he has minimum contact with the state so that maintenance of the suit will not offend traditional notions of fair play and substantial justice. *International Shoe Company v. State of Washington,*

326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Phillips v. Anchor Hocking Glass Corporation*, supra; *Houghton v. Piper Aircraft Corp.*, 112 Ariz. 365, 542 P.2d 24 (filed November 6, 1975).

In spite of the ever-increasing mobility of the American family there should be at least one state that retains an interest in protecting the family unit. We hold that when a person has established a matrimonial domicile in the State of Arizona that person has caused an event to occur in this state which authorizes in personam jurisdiction under Rule 4(e)(2), Arizona Rules of Civil Procedure. The establishment of a matrimonial domicile provides such a nexus with the state that traditional notions of fair play and substantial justice will not be offended by the exercise of in personam jurisdiction over an absent spouse in an action brought by a resident spouse concerning marital obligations. Denial of such in personam jurisdiction would only encourage migratory divorces by offering a shield to the spouse wishing to avoid financial responsibilities. However, in order to warrant Arizona in personam jurisdiction, Arizona must be the last state of matrimonial domicile. The fact that at one time in the past the parties had lived together in Arizona as husband and wife with the intent to make Arizona their home is not sufficient. If the parties have left Arizona and established a matrimonial domicile in another state, the return of one spouse to the State of Arizona does not provide a sufficient connection between the state and the absent spouse to authorize in personam jurisdiction.

From the facts in this case it would appear that the last state of matrimonial domicile was the State of New York. Therefore the court did not err in refusing to grant an in personam judgment.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.