146 N.J. Super. 373 (1977)
369 A.2d 993
JO ANN RING, PLAINTIFF,
v.
WILLIAM A. RING, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided January 24, 1977.
*374 Mr. Michael D'Alessio Jr., for plaintiff.
Mr. Victor A. Rizzolo for defendant (Messrs. Ozzard, Rizzolo, Klein, Mauro & Savo, attorneys).
GRIFFIN, J.S.C.
Two New Jersey residents were married in Union County, lived there as man and wife for a year and a half and a child was conceived. He deserted her and moved to Texas where he now resides. She then started this separate maintenance action. He was served personally, in Texas, by the local sheriff. The husband, by special appearance, moves to strike the complaint for lack of personal jurisdiction over him.
It is fundamental that an order or judgment for the payment of alimony or support is a personal judgment and, as such, mandates in personam jurisdiction over the *375 paying party. Kase v. Kase, 18 N.J. Super. 12 (App. Div. 1952). The United States Supreme Court has established the guideline in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
* * * [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [at 316, 66 S.Ct. at 158.]
No reported matrimonial case in New Jersey has faced this issue. In prior cases, factors other than marital residence have been present.
Judge Consodine, in Egbert v. Egbert, 125 N.J. Super. 171 (Ch. Div. 1973), held that in personam jurisdiction was acquired by service on defendant's mother in New Jersey while he was in Florida. However, he was still a New Jersey resident and the Juvenile and Domestic Relations Court did have personal jurisdiction which, the court held, carried over to the Superior Court action.
In Wright v. Wright, 114 N.J. Super. 439 (Ch. Div. 1971), Judge Hartman found long-arm jurisdiction proper because the nonresident was doing business in New Jersey by writing a newspaper column for a New Jersey paper.
Originally, the concept of long-arm jurisdiction developed in order to obtain jurisdiction over defendants not subject to personal service within the State, so as to afford relief in tort and commercial cases. There is a definite trend towards applying this concept to all types of litigation, including matrimonial and support cases. Note, "Long-Arm Jurisdiction in Alimony and Custody Cases," 73 Colum. L. Rev. 289 (1973).
It is interesting to note that the Texas Court of Civil Appeals, in Fox v. Fox, 526 S.W.2d 180 (Tex. Civ. App. 1975), decided that New Jersey did acquire in personam jurisdiction by long-arm service in Texas under facts similar *376 to those involved in this case. The law of New Jersey was carefully reviewed.
Other reported decisions also support the holding that the spouse remaining in the state of marital residence may acquire in personam jurisdiction over the departed spouse by long-arm service. Nickerson v. Nickerson, 25 Ariz. App. 251, 542 P. 2d 1131 (1975); Pinebrook v. Pinebrook, 329 So.2d 343 (Fla. D. Ct. App. 1976); Mizner v. Mizner, 84 N.W. 268, 439 P.2d 679 (1968), cert. den., 393 U.S. 847, 89 S.Ct. 130, 21 L.Ed.2d 117 reh. den., 393 U.S. 972, 89 S.Ct. 391, 21 L.Ed.2d 386 (1968); Bouchard v. Klepacki, 357 A.2d 463 (N.H. Sup. Ct. 1976); Sherwood v. Sherwood, 29 N.C. App. 112, 223 S.E.2d 509 (Ct. App. 1976); Mitchim v. Mitchim, 518 S.W.2d 362 (Tex. Sup. Ct. 1975).
The New Jersey court rules now eliminate any distinction between service of process in matrimonial actions and in other actions. R. 4:78-1, adopted in 1975, provides "Service of process in all matrimonial actions shall be made in accordance with the applicable provisions of R. 4:4."
The following appears in the comment to the above rule: "It should be further understood that in appropriate circumstances, if personal rather than merely in rem jurisdiction is desired and is obtainable consistent with due process, the long-arm provisions of R. 4:4-4 * * * may be appropriate."
One must agree that the state has a substantial interest in domestic relations. The state is financially interested in the welfare of an abandoned spouse, who will rely on the state for support in the absence of available judicial relief. Where a husband and wife have maintained their domicile in one state until the time of separation, it is equitable that litigation over economic maintenance and child custody be within the jurisdiction of that state. The wife should not be required to follow the defendant from state to state in order to obtain support when the dispute could be equitably be [sic] settled in the home state. [Anderson, "Using Long-Arm Jurisdiction To Enforce Marital Obligations" 42 Miss. L.J. 183, 185 (1971) (footnote omitted)]
*377 The parties having resided as man and wife in New Jersey and the husband having deserted his wife and moved from the State, long-arm service is adequate to give the court in personam jurisdiction over the defendant.