John Duane BUNKER *v.* Sheree Lammers
BUNKER

77-21                                    552 S.W. 2d 641

Opinion delivered June 27, 1977
(Division I)

*Ross & Ross,* for appellant.

*William E. Johnson* and *Timothy R. Tarvin,* for appellee.

GEORGE ROSE SMITH, Justice. In this suit brought by Mrs. Bunker for divorce, alimony, child support, attorney's fees, and similar relief, the key question is the extent to which the chancery court of Drew County, Arkansas, can exercise personal jurisdiction over the defendant husband, John Duane Bunker, who was residing in Louisiana when the suit was filed. The chancellor held that he had personal jurisdiction over Bunker only with respect to the cause of action for child support. An appeal and cross-appeal bring the entire case to us for review.

Bunker had been a lifelong resident of Arkansas and Mrs. Bunker was a college student at Fayetteville when the two were married in Oklahoma in 1963. During their marriage they lived principally in Arkansas but also in Texas

and Guatemala. In April, 1975, they moved back to Arkansas and lived together in Drew County until November, when Bunker left Arkansas and apparently changed his domicile to Louisiana. Mrs. Bunker stayed in Drew County with the couple's two children.

In January, 1976, Mrs. Bunker filed this suit for divorce, in Drew County, asserting a cause of action for personal indignities that occurred while the defendant was domiciled in Arkansas. Her attorneys knew that a valid divorce could be obtained in Drew County, which was Mrs. Bunker's domicile and also the last matrimonial domicile. But counsel also wanted to obtain personal judgments for alimony, child support, and attorney's fees. To that end, no attempt was made to obtain constructive service by warning order, which would have supported a divorce decree only. Instead, service was had upon the Arkansas Secretary of State, pursuant to Act 119 of 1963 (noted in 18 Ark. L. Rev. 124 [1964]). Ark. Stat. Ann. § 27-339.1 (Supp. 1975). As we have said, the chancellor limited his jurisdiction to the cause of action for child support.

We are firmly convinced that the chancellor was mistaken in restricting the full sweep of Act 119. It provides that any cause of action arising out of acts done by an individual in Arkansas may be sued upon here although the defendant has left the state. The statute is not limited to tort actions. *Mallory* v. *Edmondson*, 257 Ark. 909, 521 S.W. 2d 215 (1975). To the contrary, it specifies *any cause of action* arising out of acts done in this state. Thus if jurisdiction is lacking in this case, it must be because the long arm of the statute cannot constitutionally reach as far as it was plainly intended to reach.

There is no longer any such constitutional limitation upon a state's jurisdiction in a case like this one. The basic test is whether the defendant's contacts within the state were such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945). When the in-state conduct was tortious, jurisdiction is hardly ever open to question. The principles applicable to other conduct are

well summarized in the Restatement, Second, Conflict of Laws, § 36 (1971), as follows:

> A state is naturally interested in all acts done within its territory. A state will usually have judicial jurisdiction over an individual who does, or who causes to be done, in the state an act, even though it is not claimed to be tortious, as to causes of action arising from the act. This is true for the reason, among others, that a heavy burden may be imposed upon a local inhabitant if he is compelled to litigate without the state a claim based upon an act done within the state, whether the act is a tort, a breach of contract or something else. Whereas a state may exercise judicial jurisdiction over a nonresident individual who does a tortious act within its territory, there will be rare occasions when a state may not exercise judicial jurisdiction over the perpetrator of some other sort of act. Such jurisdiction will exist unless the state's interest in, and relationship to, the actor and the act are so slight as to make the exercise of such jurisdiction unreasonable.
>
> Whether an exercise of judicial jurisdiction on the basis of an act done, or caused to be done, in the state would be reasonable depends upon the facts of the case. The principal factors to be considered are the nature and quality of the act, the extent of the relationship of the state to the defendant and to the plaintiff and the degree of inconvenience which would result to the defendant by being forced to stand suit in the state on the particular cause of action.

We see no good reason for not recognizing Arkansas's jurisdiction in this case. Arkansas was the Bunkers' last matrimonial domicile. It is the place where Bunker's asserted wrongful conduct created the cause of action for divorce and alimony. It has continued to be the residence of Mrs. Bunker and the children, where their living expenses must be paid. It is presumably the residence of the witnesses who will be called to testify. Finally, Bunker appears to have left this state voluntarily, creating the possibility of hardship if that conduct on his part deprives Mrs. Bunker of her right to bring her suit in Arkansas. Recent pertinent cases supporting our

conclusion include *Nickerson* v. *Nickerson*, 25 Ariz. App. 251, 542 P. 2d 1131 (1975); *Owens* v. *Superior Court of Los Angeles County*, 52 Cal. 2d 822, 345 P. 2d 921 (1959); *Scott* v. *Hall*, 203 Kan. 331, 454 P. 2d 449 (1969); *Mizner* v. *Mizner*, Nev., 439 P. 2d 679 (1968).

With respect to the specific cause of action for child support, jurisdiction is expressly conferred by Act 297 of 1969, which applies to a father who, after having acquired a marital domicile in Arkansas, absents himself from the state and fails to support his dependent children here. Ark. Stat. Ann. § 34-2446 (Supp. 1975). For the reasons already stated, we agree with the chancellor in finding that statute to be valid.

Affirmed on direct appeal; reversed on cross appeal.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.