In re the MARRIAGE of Christina VO-
GEL and Thomas William Vogel.

Upon the Petition of Christina VOGEL,
Appellee, and Concerning Thomas
William VOGEL, Appellant.

No. 64018.

Supreme Court of Iowa.

June 18, 1980.

Joseph L. Marks, of Marks, Marks &
Marks, Urbandale, for appellant.

James E. Van Werden, of Van Werden &
Hulse, Adel, for appellee.

Considered by REYNOLDSON, C. J., and
LeGRAND, REES, HARRIS, and ALLBEE,
JJ.

HARRIS, Justice.

A default decree was entered in this dis-
solution of marriage case. On appeal the
respondent challenges the jurisdiction of
the trial court to enter the decree, citing
claimed deficiencies in the petition for dis-
solution. We affirm the trial court.

The petitioner, Christina Vogel, first filed
for dissolution on March 26, 1976, and re-
ceived a default decree on December 27,
1977. Following a special appearance the
respondent successfully appealed from that
decree on the basis of the trial court's lack
of subject-matter jurisdiction. *In re Mar-
riage of Vogel,* 271 N.W.2d 709, 710–11
(Iowa 1978).

The petitioner then filed this action
on November 27, 1978. Service on the re-
spondent was had by means of publication
three times in an Iowa newspaper, mail
delivery, and personal service. This time
the respondent did not specially appear.
Because it came after the decree appealed
from, we have no occasion to consider the
effect of respondent's appeal. *See* 6 C.J.S.
Appearances § 34; 5 Am.Jur.2d, Appear-
ances, § 34.

I. As required by Iowa R.Civ.P. 50
a copy of the petition of dissolution was
attached to the original notice served on the
respondent. The petition, though later

**216**

amended, did not then contain a paragraph asserting the petitioner had in good faith resided in Dallas County, and in Iowa for one year. Such averments are required by section 598.5(6) and section 598.6, The Code 1979. The respondent's jurisdictional challenge rests on this omission.

The respondent cites *In re Marriage of Bouska*, 256 N.W.2d 196, 197–98 (Iowa 1977). In *Bouska* we held that the durational residency requirements of the marriage dissolution chapter are jurisdictional.

The respondent's difficulty is that his challenge is aimed at the pleadings and not at the facts. The petitioner here did in fact satisfy the jurisdictional residency requirements. The only claimed flaw is that she originally failed to allege them. We think the trial court was right in holding that the facts and not the averments control the question of jurisdiction.

We hold that the statutory requirements of section 598.6, calling for statements of residency, are jurisdictional only as to the facts and not as to contents of the petition. *Bouska* is authority only for the principle that the residence itself, not the assertion of it, is a jurisdictional requirement.

II. The respondent separately complains of what he believes were in personam judgments against him. We agree with the respondent that the trial court did not have in personam jurisdiction over respondent and hence could not: (1) make a temporary injunction and restraining order permanent; (2) find that realty in Canada was jointly owned between the parties; (3) find that respondent should provide child support and alimony; or (4) reserve issues of child support and alimony. Nevertheless, we find it unnecessary to reverse the trial court decree. We think the respondent misreads it. We understand the trial court decree to make no claim of in personam jurisdiction. We expressly find it was not acquired at the time the decree was entered.

AFFIRMED.