Sandra K. PLUCKER, Plaintiff
and Appellee,

v.

Ronald E. PLUCKER, Defendant
and Appellant.

No. 13770.

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1982.

Decided Oct. 5, 1983.

John N. Gridley III, Sioux Falls, for plaintiff and appellee.

Acie W. Matthews of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for defendant and appellant.

HENDERSON, Justice (on reassignment).

We affirm the trial court's judgment dated March 11, 1982, awarding appellee wife $11,789.61 in alimony and child support arrearages, interest thereon, costs, and other declarations therein sustaining the original divorce decree.

Appellant husband and appellee wife were married in Pipestone, Minnesota, on September 26, 1961. Two daughters were born of the marriage; Rhonda on August 4,

1962, and Rochelle on May 19, 1966. A marital domicile was established in Minnehaha County, South Dakota. On March 11, 1977, appellee wife filed a divorce petition in Minnehaha County, South Dakota, the forum state. Appellant husband departed South Dakota on April 16, 1977, leaving behind his wife, children, and some personalty. Appellee wife and the children have been residents of South Dakota at all times relevant hereto. Personal service of process was effectuated upon appellant husband in California on September 6, 1977.

Appellant husband failed to answer or otherwise appear in the South Dakota action. After notice of intent to take a default judgment was mailed to appellant husband in California, appellee wife was granted an ex parte divorce in South Dakota on February 10, 1978. Judgment was entered in favor of appellee wife awarding her, among other things, $100 per month alimony, $150 per month child support, attorney's fees, and costs. On June 1, 1978, appellee wife filed a Uniform Reciprocal Enforcement of Support Act (URESA) action under SDCL ch. 25–9 against appellant husband in California. On September 13, 1978, appellant husband appeared in the Superior Court of California, County of Orange, and rather than attacking the South Dakota judgment, consented to the entry of an order directing him to pay $150 per month child support.

On October 19, 1978, appellant husband filed an affidavit to show cause collaterally attacking South Dakota's in personam jurisdiction and requesting the return of his personalty in South Dakota. Appellee wife resisted and filed her own motion to show cause requesting appellant husband be held in contempt for failure to meet the divorce judgment terms. In April of 1979, appellee wife executed a second URESA action against appellant husband, who was then residing in Arizona. On December 30, 1981, appellee wife renewed her application to show cause in the divorce action and appellant husband responded with a motion to vacate the judgment and decree of divorce, or, in the alternative, to vacate those portions of the decree of divorce which awarded appellee alimony, child support, and further ordered appellant to pay certain bills and attorney fees and costs.

■ Appellant contends that the trial court was without jurisdiction to enter a personal judgment against him for alimony, child support, and other liability in the divorce action. We disagree.

Our long-arm statute, SDCL 15–7–2, in relevant part provides:

Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, through an agent or through a subsidiary, of any of the following acts:

.    .    .    .    .

(3) The ownership, use, or possession of any property, or of any interest therein, situated within this state;

.    .    .    .    .

(7) Failure to support a minor child residing in South Dakota; [1]

.    .    .    .    .

(9) With respect to any action for divorce, separate maintenance or spousal support the maintenance in this state of a matrimonial domicile at the time the claim arose or the commission in this state of an act giving rise to the claim, subject to the provisions of § 25–4–30[.] [2]

Provisions of SDCL 15–7–2 comport with due process requirements when the out-of-state party has sufficient minimal "purposeful contacts" with South Dakota. *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132, *rehearing denied,* 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978). In *Bunker v. Bunker,* 261 Ark. 851, 853, 552 S.W.2d 641, 642 (1977), Justice George Rose Smith, writing for the Arkansas Supreme Court, stated:

1. Subdivision (7) was added in 1978 S.D.Sess. Laws ch. 146, §§ 1, 2.

2. Subdivision (9) was added in 1983 S.D.Sess. Laws ch. 156, § 1.

"The basic test is whether the defendant's contacts within the state were such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)."

Appellant husband maintained marital domicile in South Dakota. He left his minor children and property here to voyage in California and Arizona. This state has an interest in all acts arising as an incident to this marriage. 'Restatement (Second) of Conflict of Laws § 36 comment e (1971), provides in part:

A state is naturally interested in all acts done within its territory. A state will usually have judicial jurisdiction over an individual who does, or who causes to be done, in the state an act, even though it is not claimed to be tortious, as to causes of action arising from the act.

We may safely conclude that due process was not offended herein.

■ Appellant husband's attack on his child support obligation must fail. It is well settled in this jurisdiction that a child's domicile in South Dakota is sufficient to attach in personam jurisdiction on a nonresident parent for the purpose of obtaining child support. SDCL 15–7–2(7); *Johansen v. Johansen,* 305 N.W.2d 383 (S.D.1981). Likewise, appellant husband's other jurisdictional complaints are flawed. In his pleadings, appellant husband acknowledges that he had personal property of "significant value" in South Dakota. Since appellant husband was personally served with process, SDCL 15–7–2(3) unquestionably provided the trial court with jurisdiction over appellant to the extent of his property in South Dakota. *See also, Nelson v. Nelson,* 71 S.D. 342, 24 N.W.2d 327 (1946).

■ As a further and more pervasive ground for decision, we acknowledge the applicability of SDCL 15–7–2(9) to the case at bar. As we held in *Johnson v. Kusel,* 298 N.W.2d 91, 92 (S.D.1980): "Considered 'as a whole,' it is clear that the legislature intended that SDCL 15–7–2 and *all* its subdivisions are to be applied retroactively."

(Emphasis in original.) Therefore, the clear language of SDCL 15–7–2(9) removes any claimed merit in appellant husband's position.

Affirmed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur. .

WOLLMAN, J., concurs in part and dissents in part.

WOLLMAN, Justice (concurring in part, dissenting in part).

I agree that under our holding in *Johansen v. Johansen,* 305 N.W.2d 383 (S.D.1981), that portion of the judgment imposing child support obligations upon appellant is jurisdictionally valid.

If I could agree that SDCL 15–7–2(9), as added by 1983 S.D.Sess.Laws ch. 156, § 1, was retroactively applicable to this case, I would join in upholding that portion of the judgment imposing the obligation to pay alimony, attorney fees, and costs. The day is past when a valid attack can be leveled against the constitutionality of statutes granting in personam jurisdiction in the class of cases covered by SDCL 15–7–2(9). *See, e.g., Bunker v. Bunker,* 261 Ark. 851, 552 S.W.2d 641 (1977); *Whitaker v. Whitaker,* 237 Ga. 895, 230 S.E.2d 486 (1976); *Baker v. Baker,* 100 Idaho 635, 603 P.2d 590 (1979); *Scott v. Hall,* 203 Kan. 331, 454 P.2d 449 (1969); *Fliter v. Fliter,* 383 So.2d 1084 (Miss.1980); *Mizner v. Mizner,* 84 Nev. 268, 439 P.2d 679 (1968); *Mitchim v. Mitchim,* 518 S.W.2d 362 (Tex.1975); *Dillon v. Dillon,* 46 Wis.2d 659, 176 N.W.2d 362 (1978); *Note,* "Long-Arm Jurisdiction in Alimony and Custody Cases," 73 Columbia L.Rev. 289 (1973).

In the absence of a statute granting extra-territorial in personam jurisdiction in domestic relations cases, however, the rule referred to in *Nelson v. Nelson,* 71 S.D. 342, 345, 24 N.W.2d 327, 329 (1946), still obtains, with the result that a court's jurisdiction over a non-resident in a divorce action extends only to the marriage relationship itself and cannot support a personal judg-

ment for alimony or child support. *See, e.g., In Re Marriage of Vogel,* 293 N.W.2d 215 (Iowa 1980); *Wiles v. Wiles,* 211 Or. 198, 315 P.2d 131 (1957); 24 Am.Jur.2d *Divorce and Separation* §§ 542, 544, 828 (1966).

It is true that in *Johnson v. Kusel,* 298 N.W.2d 91 (S.D.1980), we held that later-enacted provisions expanding the scope of SDCL 15–7–2 should be given retroactive effect in view of SDCL 15–7–4, a section of the enactment that gave rise to SDCL 15–7–2(3), which states that the provision of SDCL 15–7–1 and 15–7–2 are to apply to causes of action arising before the enactment thereof. Were it not for the fact that the 1983 enactment contained an emergency clause, I would be hard-pressed to hold that the legislature did not intend that SDCL 15–7–4 should give retroactive effect to the several subsections contained in Chapter 156, given the legislature's presumed knowledge of our holding in *Johnson v. Kusel.* The fact that an emergency clause was appended to Chapter 156 indicates to me, however, that the legislature did not intend that the 1983 amendments be given retroactive effect, for such retroactive application would have made it unnecessary to give immediate force and effect to the provisions of Chapter 156. Accordingly, I would hold that SDCL 15–7–2(9) has no application to the case before us.