STATE of South Dakota, ex
rel., Shannon M. MURPHY,
Plaintiff and Appellant,

v.

Michael J. BASILE, Defendant
and Appellee.

No. 18284.

Supreme Court of South Dakota.

Considered on Briefs Oct. 7, 1993.

Decided May 18, 1994.

William D. Gerdes, Sp. Asst. Atty. Gen.,
Aberdeen, for plaintiff and appellant.

H.I. King of Tonner, Tobin & King, Aberdeen, for defendant and appellee.

**PER CURIAM.**

The State of South Dakota, ex rel., Shannon M. Murphy, appeals from an order decreeing that the circuit court lacked jurisdiction over the person of Michael J. Basile. We affirm.

## FACTS

Thirty-one year old Michael J. Basile (Basile) has been a permanent resident of Florida since December 1983. He has never physically been inside the geographical boundaries of South Dakota nor has he operated a business or engaged in solicitation or service activities within South Dakota. He has never engaged in sexual intercourse within South Dakota.

On December 2, 1988 Samuel Murphy (Samuel) was born in Minnesota. Sometime later he and his mother Shannon M. Murphy (Murphy) moved to Aberdeen, South Dakota. In February 1992 Murphy brought suit against Basile in the Fifth Judicial Circuit in South Dakota seeking to have Basile declared Samuel's father and seeking accrued public assistance and child support. Basile was served with the summons and complaint in Pinellas County, Florida.

Basile made a special appearance to challenge South Dakota's jurisdiction. The trial court concluded that it lacked personal jurisdiction over Basile based on these findings of fact:

1. That Defendant Michael J. Basile has been alleged to be the father of the minor child Samuel C. Murphy.

2. That both parties stipulated and agreed that Michael J. Basile has never resided in South Dakota nor has ever been present physically within the State of South Dakota. That any act of intercourse between Michael J. Basile and the natural mother of Samuel C. Murphy, occurred, if at all, outside the State of South Dakota.

3. That Michael J. Basile has not been established as the natural father of Samuel C. Murphy in any other state or any other legal proceedings anywhere.

4. That Michael J. Basile currently resides in the State of Florida and his resi-

dence is well known to the Plaintiff, Shannon M. Murphy.

## ISSUE

Murphy frames the issue as:

DOES SOUTH DAKOTA HAVE JURISDICTION OVER A PUTATIVE FATHER PURSUANT TO SDCL 15–7–2 IN A PATERNITY ACTION WHEN THE PUTATIVE FATHER HAS NEVER RESIDED IN SOUTH DAKOTA, THE CHILD WAS NOT CONCEIVED IN SOUTH DAKOTA, BUT THE CHILD AND THE CHILD'S MOTHER RESIDE IN SOUTH DAKOTA?

## DISCUSSION

■ South Dakota's long-arm statute, SDCL 15–7–2 provides, in relevant part:

Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, through an agent or through a subsidiary, of any of the following acts:

7) Failure to support a minor child residing in South Dakota;

8) Having sexual intercourse in this state, which act creates a cause of action for the determination of paternity of a child who may have been conceived by that act of intercourse[.]

Under this statute:

(1) The nonresident defendant must purposefully do some act or consummate some transaction in the forum state.... (2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum.... (3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice. In the determination of the latter, consideration should be given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded to the respective parties, and the basic equities of the situation.

All of these elements must be satisfied in order to exercise personal jurisdiction over appellant.

*Johansen v. Johansen*, 305 N.W.2d 383, 386 (S.D.1981), *quoting Ventling v. Kraft*, 83 S.D. 465, 471, 161 N.W.2d 29, 32 (1968); *accord, State v. American Bankers Ins. Co.*, 374 N.W.2d 609 (S.D.1985). The main consideration is whether the nonresident defendant purposefully established minimum contact in the forum state. *American Bankers, supra.*

Murphy cites *Johansen, supra,* and *Plucker v. Plucker,* 338 N.W.2d 842 (S.D.1983) to support her position that South Dakota has personal jurisdiction of Basile pursuant to the long arm statute. In *Johansen,* this Court held that a nonresident father's common law duty to support his children who lived in South Dakota brought him within the purview of SDCL 15–7–2(7) (allowing jurisdiction over any person for failure to support a minor child residing in South Dakota) even though a Minnesota divorce decree did not impose a child support obligation on him at that time. In *Plucker,* this Court upheld the retroactive applicability of SDCL 15–7–2 and held that a child's domicile in South Dakota is sufficient to attach in personam jurisdiction on a nonresident parent for the purpose of obtaining child support. This proposition is not disputed.

■ There is, however, one crucial factor that distinguishes *Plucker* and *Johansen* from this case. In *Plucker* and *Johansen,* paternity was not in dispute. In this case there has been no legal determination that Basile is Samuel's father. Consequently, the minor child's domicile in South Dakota is not sufficient to attach in personam jurisdiction on a nonresident whose parentage has not been established and who has had absolutely no contact with South Dakota.

[I]t has been held that when intercourse giving rise to the pregnancy occurs outside the state, a nonresident putative father is not subject to long-arm jurisdiction in the state in the absence of other contacts by him with the state.

14 C.J.S. *Children Out-of-Wedlock* § 83 (1991). As the Supreme Court of Utah noted when analyzing a statute similar to SDCL 15–7–2(8):

It [the Utah legislature] has provided in section 78–27–24(7) that a nonresident submits himself to the jurisdiction of the courts of this state in a paternity suit under section 78–45a–1 for the purpose of establishing responsibility for child support when he has engaged in sexual intercourse within this state. By negative implication, it follows that when the intercourse occurs outside this state, as it did in the instant case, the legislature did not intend to subject the nonresident to our jurisdiction in the absence of other contacts by him with our state. A serious due process question would have arisen had there been any such attempt. *Barnhart v. Madvig,* [526 S.W.2d 106] (Tenn.1975).

*Baldwin v. Easterling,* 754 P.2d 942, 945 (Utah 1988).

In this case Basile has had no contact with South Dakota. His parentage of Samuel has not been legally established. Accordingly, there are insufficient minimum contacts for in personam jurisdiction to attach under SDCL 15–7–2(7) and (8).

The order appealed from is affirmed.

MILLER, C.J., WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.