## IN THE COURT OF APPEALS OF IOWA

No. 14-0493
Filed May 20, 2015

**IN RE THE MARRIAGE OF SCOTT W. DUNN
AND SEUNG JA OH**

**Upon the Petition of
SCOTT W. DUNN,**
        Petitioner-Appellee,

**And Concerning
SEUNG JA OH,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Floyd County, Gregg R.

Rosenbladt, Judge.


        A former wife appeals the district court's denial of her motion to set aside

a default judgment. **REVERSED AND REMANDED FOR DISMISSAL.**


        Judith O'Donohoe of Elwood, O'Donohoe, Braun & White, L.L.P., Charles

City, for appellant.

        David A. Keuhner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles

City, for appellee.


        Considered by Vaitheswaran, P.J., Mullins, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, J.**

Scott Dunn and Seung Ja Oh were married in Missouri in 2005.[1] In April 2013, Scott filed a petition for dissolution of marriage in Floyd County, Iowa, alleging he resided in Charles City, Iowa. His petition failed to allege residency for any length of time. When no answer was filed, the court found Seung in default, and in July 2013 entered a default decree that included a finding that Scott had been a resident of Iowa for more than one year preceding the filing of the petition.

Seung moved to set aside the default alleging defective service and misleading conduct by Scott. After a hearing, the court denied the motion, concluding Seung had been personally served with the dissolution petition but also concluding Seung's assertion that Scott told her he would not pursue the divorce was not fully developed. The court therefore denied the motion to set aside the default based on service of the petition but granted Seung further opportunity to develop other issues surrounding the default. Seung then moved pursuant to Iowa Rule of Civil Procedure 1.904(2) for enlargement or clarification of the court's ruling. In that motion, she raised for the first time a claim that the petition was defective for failure to properly allege residency and that the court did not, therefore, have jurisdiction. The court denied the motion stating it had addressed the service of process issue that had been raised in the original motion to set aside the default. The court again invited Seung to raise additional

---

[1] Seung testified they were married in 2004.

challenges to the default by separate motion if she so desired. Instead, she appealed.[2]

First, we note our supreme court has explained: "[A]n appellate court has responsibility *sua sponte* to police its own jurisdiction. In the exercise of this responsibility, we must first address questions related to our subject matter jurisdiction that spring from the record of this case." *Crowell v. State Pub. Defender*, 845 N.W.2d 676, 681 (Iowa 2014) (internal citations omitted). Thus, we will consider the residency issue regardless of how it was raised before the district court. While we generally review dissolution cases de novo, *see* Iowa R. App. P. 6.907, the court's denial of the motion to set aside the default judgment is reviewed for abuse of discretion. *Bandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). However, a question of subject matter jurisdiction is reviewed for errors at law. *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995).

Iowa Code section 598.5(1)(k) (2013) provides that the petition for dissolution of marriage shall, except where the respondent is a resident of this state and is served by personal service,

> state that the petitioner has been for the last year a resident of the state, specifying the county in which the petitioner has resided and the length of such residence in the state after deducting all

---

[2] We note after the notice of appeal was filed, Seung filed a petition to vacate the judgment again alleging, among other things, Scott had not been a resident of the state of Iowa for one year before the dissolution petition was filed. She asked the dissolution decree be vacated under Iowa Rule of Civil Procedure 1.1012(2) based on fraud and irregularity. The court ultimately dismissed the petition to vacate. It appears that dismissal was appealed; however, the appeal was ultimately dismissed by counsel for Seung Ja Oh. We do not have before us the merits of the petition to vacate the default decree, and we do not consider it in this opinion.

absences from the state, and that the maintenance of the residence has been in good faith and not for the purpose of obtaining a dissolution of marriage only.

"[T]he statutory requirements of section [598.5(1)(k)] . . . are jurisdictional only as to the facts and not as to contents of the petition . . . the residence itself, not the assertion of it, is a jurisdictional requirement." *In re Marriage of Vogel*, 293 N.W.2d 215, 216 (Iowa 1980).

We have scoured the record and find nothing that supports the district court's finding in the default decree that Scott had been a resident of Iowa for more than one year immediately preceding filing of the petition.[3] Seung testified that they had lived in New York during their marriage, had both signed a lease to an apartment there, and had only gone to Iowa periodically to visit Scott's family who lived there. At the hearing to set aside the default judgment, Scott did not testify or seek to admit any evidence.

Scott asks that we assume the court had subject matter jurisdiction because the court stated in the default decree that it had found Scott had been a resident of this state for a year. In support of his request, he cites the case of *In re Marriage of Miller*, 46 N.W.2d 732, 733 (Iowa 1951), where the supreme court stated that because the trial court must in all cases find jurisdiction under then applicable code sections, "we must assume such jurisdiction was found to exist upon the original hearing upon plaintiff's petition for divorce." The court went on to say the presumption of jurisdiction was not conclusive and could be rebutted.

---

[3] We need not decide whether sworn allegations in a dissolution petition would have been sufficient if it had contained the required allegation, as the petition in this case did not even contain such an allegation.

*Miller*, 46 N.W.2d at 733. We find this case sufficiently distinguishable from *Miller* because in *Miller* the husband submitted to the court proof he was a resident of the state of Iowa when the dissolution petition was filed. *Id.* at 734. No such proof was submitted by Scott in the hearing to set aside the default, there is no indication in the record that Scott appeared at the time the default decree was entered to provide the court proof of his residency, and there is not even a verified allegation in the petition that he was a resident of this state for the preceding year.

Based on the record before the court at the time the default judgment was entered, the court had no subject matter jurisdiction over this dissolution action as there is no evidence at the time of the entry of the default decree that Scott was a resident of the state of Iowa for more than one year prior to the filing of the petition. The dissolution decree is vacated, and case is remanded to the district court with directions to dismiss the petition for dissolution of marriage.

**REVERSED AND REMANDED FOR DISMISSAL.**